07-2436-cr
USA v. Williams

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: July 9, 2008,
Reargued: December 2, 2008,                    Decided: March 5, 2009)

Docket No. 07-2436-cr
_____

UNITED STATES OF AMERICA,

Appellee,

v.

LEON WILLIAMS,

Defendant-Appellant.

_____

POOLER and HALL, Circuit Judges, and TRAGER, District Judge.[*]

_____

Appeal from a judgment of the United States District Court for the Southern District of

New York (Sand, J.), convicting defendant Leon Williams of, inter alia, (1) a drug trafficking

crime which carries a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) and

(2) possession of a firearm in furtherance of that drug trafficking crime, an offense which carries

_____

[*]   The Hon. David G. Trager, United States District Judge for the Eastern District of
New York, sitting by designation.

1

a five-year mandatory minimum consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by . . . any other provision of law" under 18 U.S.C. § 924(c)(1)(A)(i).  In light of United States v. Whitley, 529 F.3d 150 (2d Cir.), reh'g denied, 540 F.3d 87 (2d Cir. 2008), we conclude that Williams was exempt from the five-year mandatory minimum consecutive sentence for the firearm offense because he was already subject to the longer ten-year minimum sentence for the predicate drug trafficking crime.  We also conclude that remand is required pursuant to United States v. Regalado, 518 F.3d 143 (2d Cir. 2008).  Affirmed and remanded for resentencing.

ANJAN SAHNI and WILLIAM J. HARRINGTON, Assistant United States Attorneys (Jonathan S. Kolodner and Daniel Braun, Assistant United States Attorneys, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

B. ALAN SEIDLER, New York, New York, for Defendant-Appellant.

LEWIS J. LIMAN (Michael J. Byars, of counsel), Cleary Gottlieb Steen & Hamilton LLP, New York, New York, Amicus Curiae in Support of Defendant-Appellant.[**]

POOLER, Circuit Judge:

Leon Williams appeals from a June 1, 2007, judgment of conviction and sentence of the United States District Court for the Southern District of New York (Sand, J.).  Williams was convicted of a drug trafficking crime which carried a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), and possession of a firearm in furtherance of that drug trafficking

---

[**] We thank amicus counsel for the helpful brief and oral argument in this appeal.

2

crime, an offense which carried a five-year mandatory minimum consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by . . . any other provision of law" under 18 U.S.C. § 924(c)(1)(A)(i). In this opinion, we address whether the district court erred in imposing the five-year mandatory minimum consecutive sentence under Section 924(c)(1)(A)(i) even though a greater minimum sentence was provided for the predicate drug trafficking crime. In United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), reh'g denied, 540 F.3d 87 (2d Cir. 2008), we held that the mandatory minimum sentence under Section 924(c)(1)(A) was inapplicable where the defendant was subject to a longer mandatory minimum sentence for a career criminal firearm possession violation. We now hold that the mandatory minimum sentence under Section 924(c)(1)(A) is also inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense.

We therefore affirm the district court's judgment of conviction and remand to give the district court the opportunity to resentence Williams consistent with our holding that Williams is not subject to the mandatory five-year minimum under Section 924(c)(1)(A). We also conclude that remand is required pursuant to United States v. Regalado, 518 F.3d 143 (2d Cir. 2008). We reject Williams's other challenges to his conviction and sentence on appeal.

## BACKGROUND

At trial, the government presented evidence that on the evening of February 27, 2006, two New York City Police Department officers on patrol saw Williams standing next to a parked car on the side of the road, urinating. As the officers approached, they saw that inside the car were multiple cellular phones, wads of cash wrapped in rubber bands, and a plastic bag containing

3

white residue, later determined to be narcotics. One of the officers also noticed a strange odor which he associated with narcotics. Later that evening, an inventory search of the car revealed a hidden compartment containing a loaded gun, a gun magazine, bullets, and 180 small bags of powder and crack cocaine. Williams's fingerprints were on the gun magazine. At trial, Williams admitted that he had been driving the car, which was registered to his sister, and that the cellular phones and cash, which totaled $1,100, were his.

The jury found Williams guilty of three counts: (1) possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g);[1] (2) possessing with intent to distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a) & 841(b)(1)(A); and (3) possessing a firearm in furtherance of the drug trafficking crime charged in count two, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Williams was sentenced principally to 130 months' imprisonment on count one (felon-in-possession), to run concurrently with a sentence of 135 months' imprisonment on count two (drug trafficking), and an additional consecutive five years' (60 months') imprisonment on count three (possession of a firearm in furtherance of drug trafficking), for a total of 195 months' imprisonment.

The felon-in-possession conviction carried no mandatory minimum sentence. 18 U.S.C. § 922(g). But the drug trafficking conviction carried a mandatory minimum penalty of ten years under 21 U.S.C. § 841(b)(1)(A). Because Section 841(b)(1)(A) is "any other provision of law" that "otherwise provide[s]" "a greater minimum sentence," 18 U.S.C. § 924(c)(1)(A), Williams argues that the five-year minimum for possession of a firearm under Section 924(c)(1)(A)(i) does

---

[1] Williams had previously been convicted of a felony on May 29, 1997 in New York state court.

not apply.  Williams also raises various other challenges to his conviction and sentence.

## DISCUSSION

**I.      Section 924(c)**

### A.      United States v. Whitley

Section 924(c) provides graduated penalties for various types of firearm use.  In United

States v. Whitley, 529 F.3d 150 (2d Cir. 2008), reh'g denied, 540 F.3d 87 (2d Cir. 2008), we

interpreted the introductory "except" clause of Section 924(c)(1)(A).[2]  That subsection provides,

in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime —
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

In Whitley, the defendant was convicted of three offenses all stemming from the same

armed robbery:  (1) a Hobbs Act violation, with no mandatory minimum penalty, see 18 U.S.C. §

1951; (2) an Armed Career Criminal Act ("ACCA") offense for possession of a firearm after

_____

[2]  Although Williams did not raise this argument below, if his reading of Whitley and the "except" clause are correct, the plain error standard of review would be met.  See Whitley, 529 F.3d at 152 n.1.

conviction of three prior offenses, for which the minimum penalty was fifteen years, see 18 U.S.C. §§ 922(g)(1), 924(e); and (3) a Section 924(c) offense for discharging a firearm in relation to a crime of violence, for which the minimum penalty was a consecutive ten years, see 18 U.S.C. § 924(c)(1)(A)(iii). We concluded that the consecutive minimum ten-year penalty under Section 924(c) did not apply because a higher fifteen-year minimum was imposed by the ACCA. Whitley, 529 F.3d at 151.

In reaching this conclusion, we rejected the government's argument that the "except" clause relates solely to those firearms offenses specified in Section 924(c). Id. at 153. We held that the "except" clause of Section 924(c) "means what it literally says" – that the minimum sentences it requires do not apply where "'a greater minimum sentence is otherwise provided by . . . any other provision of law.'" Id. (quoting 18 U.S.C. § 924(c)(1)(A)) (emphasis added). "Any other provision of law" includes the ACCA. We rejected the government's arguments that this literal interpretation of the "except" clause is "unsupported by the text, design, or the purpose of the statute, would produce illogical and distorted outcomes that Congress clearly did not intend, and has been rejected by other circuits." Id. at 155 (citations and quotation marks omitted). We observed that, "other than the decisions that have rewritten the 'except' clause in different ways to escape its plain meaning, we are aware of no decision rejecting the literal meaning of statutory language to the detriment of a criminal defendant." Id. at 156; see also Whitley, 540 F.3d at 88.

We are, of course, "bound by our own precedent unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court en banc." Nicholas v. Goord, 430 F.3d 652, 659 (2d Cir. 2005) (quotation marks omitted). We must therefore determine whether the question of statutory interpretation in this case is materially different from the question addressed

6

by <u>Whitley</u>. There are two potentially relevant differences – (1) in <u>Whitley</u>, the longer mandatory minimum sentence was provided by the ACCA for <u>firearms</u>-related conduct, while in this case, it is provided by a non-firearms offense,[3] and (2) in <u>Whitley</u>, the longer mandatory minimum sentence under the ACCA was to run <u>consecutively</u> with the sentence on the predicate offense, while in this case, the longer mandatory minimum sentence is supplied by that predicate offense. The government now argues that <u>Whitley</u> should be limited to its facts – that is, to instances in which a defendant faces two consecutive mandatory minimum sentences for firearm-related conduct resulting from the use of a single gun. The government again argues that its interpretation is required by the statutory text and structure, the legislative history, and to avoid illogical applications of the statute. We conclude that to accept the government's position would contravene the reasoning and result of <u>Whitley</u>.

### B. Statutory Text

"[S]tatutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there." <u>Puello v. BCIS</u>, 511 F.3d 324, 327 (2d Cir. 2007) (quotation marks omitted); <u>see also</u> <u>Whitley</u>, 529 F.3d at 156. The government argues that the clause "[e]xcept to the extent that a greater minimum sentence is otherwise provided by . . . any other provision of law," is ambiguous because it only directs a court where to look for the greater

---

[3] We noted in <u>Whitley</u> "that the Fifth and Eighth Circuits have interpreted the 'except' clause to have a firearms limitation," 529 F.3d at 155-56 (citing <u>United States v. Collins</u>, 205 F. App'x 196, 198 (5th Cir. 2006); <u>United States v. Alaniz</u>, 235 F.3d 386, 389 (8th Cir. 2000)), and that the Sixth Circuit has cited these cases with approval, <u>see id.</u> (citing <u>United States v. Jolivette</u>, 257 F.3d 581, 587 (6th Cir. 2001)). We distinguished <u>Alaniz</u> and <u>Collins</u> by pointing out that the defendants in those cases, like Williams, were convicted of narcotics offenses, while Whitley was convicted of a firearms offense. <u>Id.</u> at 157. But we did not comment on whether the Fifth and Eighth Circuits correctly read a firearms limitation into the "except" clause.

7

minimum ("any other provision of law"), and does not specify the offense to which the greater minimum sentence may apply.  See 18 U.S.C. § 924(c)(1)(A).  The government urges that we adopt the First Circuit's conclusion that the "except" clause is ambiguous because it "does not say 'a greater minimum sentence' for what; yet it has to have some understood referent to be intelligible."  United States v. Parker, 549 F.3d 5, 11 (1st Cir. 2008).  The First Circuit rejected the possibilities that the referent could be "any other crime related to this case" or "the underlying drug crime or crime of violence," and held that the "more sensible[] referent" is "an additional minimum sentence for an underlying offense because of the presence of the firearm."  Id.  The First Circuit reasoned that Whitley was distinguishable because the "danger" in Whitley was the possibility of double-counting – two mandatory minimum consecutive firearms sentences could have applied for crimes involving the "same gun."  Id.  In Parker, as here, the higher mandatory minimum sentence was supplied by a drug crime.  Id.

But this double-counting distinction finds no support in Whitley.  We held in Whitley that the "except" clause is not ambiguous – it "means what it literally says."  529 F.3d at 158.  In Whitley, we rejected the "judicial insertion" of the words "consecutive" and "firearm" into the "except" clause.  Id. at 153, 157-58.  We noted that the Supreme Court had recently "condemn[ed] the insertion of words into a statute as 'not faithful to the statutory text,'" in United States v. Rodriquez, in which it "rejected the defendant's argument that 'reads [section 924(e)] as referring to 'the maximum term of imprisonment prescribed by law' for a defendant with no prior convictions that trigger a recidivist enhancement,' because 'that is not what [section 924(e)] says.'" 529 F.3d at 157 n.5 (quoting United States v. Rodriquez, 128 S. Ct. 1738, 1788-89 (2008) (emphasis in original)).

8

We are not persuaded that the phrase "any other provision of law" is insusceptible to a plain reading. There is a discrete set of statutory offenses which require mandatory minimum sentences – mostly for narcotics and firearm crimes, but also for murder and other dangerous weapons. See, e.g., 18 U.S.C. § 175c (biological weapons); id. § 924 (firearms); id. § 929 (restricted ammunition); id. § 1111 (murder); id. § 2332g (missile systems); id. § 2332h (radiological dispersal devices); 21 U.S.C. §§ 841, 844, 860, 960 (drugs). It is plausible to understand the reference to "any other provision of law" to include this limited set of crimes for which mandatory minimum sentences apply. As amicus counsel point out, there is no indication in the statutory language that Congress intended to be more lenient to defendants with multiple convictions for firearms-related conduct than to defendants convicted of drug trafficking crimes or other violent offenses, or that it intended to draw any distinction among offenses subject to minimum sentences. Amicus Br. at 10.

The statutory scheme supports this literal reading. Section 924 is the "Penalties" section of Chapter 44, "Firearms," of Title 18 of the United States Code. If Congress had intended the "except" clause to refer only to punishments for firearms offenses, it could simply have drafted that clause to read: "except to the extent that a greater minimum sentence is otherwise provided by this section." Instead, Congress chose the more expansive phrase, "this subsection [Section 924(a)] or any other provision of law." 18 U.S.C. 924(c)(1)(A) (emphasis added).

In holding that the "except" clause includes sentences for predicate offenses, we do not hold that the "except" clause is unbounded. The clause carves out an exception to the general rule that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . [and] in furtherance of any such crime, possesses a firearm," shall face an additional mandatory

9

consecutive term of imprisonment. 18 U.S.C. § 924(c)(1). Thus, it is natural to read "any other provision of law" to include the penalty for the "crime of violence or drug trafficking crime," so long as the firearm was possessed "during and in relation to" or "in furtherance of" that predicate offense. Id. In other words, the "except" clause includes minimum sentences for predicate statutory offenses arising from the same criminal transaction or operative set of facts. An interpretation of "any other provision of law," to include, for example, provisions under which a defendant was already sentenced for a prior unrelated crime in a previous case, would be suspect. In this case, it is undisputed that the firearm possession that subjected Williams to the penalty under Section 924(c) arose from the same criminal transaction as the drug trafficking offense.[4]

The government asserts that other provisions of the statute support its structural argument that Congress intended that courts impose a consecutive, or non-concurrent, sentence for a Section 924(c) offense without regard to the sentence imposed for the underlying predicate offense. Specifically, the statute states that (1) the graduated penalties set forth in Sections 924(c)(1)(A)(i)-(iii) must be applied "in addition to the punishment provided for such crime of violence or drug trafficking crime," 18 U.S.C. § 924(c)(1)(A) (emphasis added); see Parker, 549 F.3d at 11 (concluding that this language renders the literal reading of the "except" clause "suspect on its face"); and (2) "[n]otwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed," 18

---

[4] We do not adopt an interpretation of the statute that would limit the scope of the "except" clause to crimes within the same charging instrument. Such an interpretation would elevate the form of the indictment or information over the substance of the offenses.

10

U.S.C. § 924(c)(1)(D)(ii) (emphases added).  The government points to this Court's recent decision in United States v. Chavez, which relied on this language to conclude that Section 924(c) "was plainly designed to impose penalties that are cumulative to the penalties imposed for other crimes."  549 F.3d 119, 134 (2d Cir. 2008).

To be sure, the general rule of Section 924(c) is that its penalties are cumulative.  But the "except" clause is an exception to that rule.  The government would have the rule swallow the exception.  In Whitley, we rejected the argument that Section 924(c)(1)(D)(ii)'s prohibition on concurrent punishments would be displaced by a literal interpretation of the "except" clause.[5]  If the "except" clause is read literally, and another statute provides a higher minimum penalty, the minimum punishments set forth in the subdivisions of Section 924(c)(1)(A) would never be imposed at all, and thus, there would be no concurrent sentences.  See Whitley, 529 F.3d at 158.

The government also urges this Court to adopt the Fourth Circuit's reasoning that the statute's reference to "any other provision of law" is a "safety valve" that "simply reserv[es] the possibility that another statute or provision might impose a greater minimum consecutive sentencing scheme for a 924(c) violation, and [does not] negat[e] the possibility of consecutive sentencing in the circumstances" in which the defendant faces a greater mandatory minimum sentence for a predicate drug-trafficking or crime-of-violence offense.  United States v. Studifin,

---

[5] The other statutory language cited by the government, which provides that the mandatory minimum sentence for the firearm is to be in addition to any penalty for the predicate "crime of violence or drug trafficking crime," was not at issue in Whitley because there, the higher mandatory minimum sentence was provided by the ACCA offense, which was not the predicate "crime of violence or drug trafficking crime" for purposes of the Section 924(c) count. Nonetheless, the same logic of exception applies.

11

240 F.3d 415, 423 (4th Cir. 2001).[6]  The Fourth Circuit based its conclusion on United States v. Alaniz, 235 F.3d 386, 389 (8th Cir. 2000), in which the Eighth Circuit held that the "except" clause was added just to make the statute grammatically correct.  We rejected that precise line of reasoning in Whitley, because we failed to see any grammatical problem with the statute absent the "except" clause, and because the argument could not explain why the statute includes "the broad phrase 'or by any other provision of law.'"  529 F.3d at 154.

## C.    Legislative History

The government urges that we turn to the legislative history to fill in the purported gap in the statutory language.  "Only if we discern ambiguity do we resort first to canons of statutory construction, and, if the meaning remains ambiguous, to legislative history."  Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 423 (2d Cir. 2005) (citations omitted).  Although we do not find the statutory terms to be ambiguous, were we to conclude that there was ambiguity, we would follow the Supreme Court's directive to "interpret ambiguous criminal statutes in favor of defendants, not prosecutors," rather than attempt to "play the part of a mind reader" divining "Congress's presumptive intent."  United States v. Santos, 128 S. Ct. 2020, 2026, 2028 (2008).  See also United States v. Granderson, 511 U.S. 39, 53-54 (1994) (courts must resolve ambiguities in favor of criminal defendants); Crandon v. United States, 494 U.S. 152, 160 (1990) (when construing a criminal statute, courts are "guided by the need for fair warning"); McNally v. United States, 483 U.S. 350, 359-60 (1987) (when confronted with "two rational readings of a criminal

---

[6] Studifin did not give any example of a statutory provision currently on the books that could increase a sentence for a violation of Section 924(c) but is not codified within that section. This argument must be that the "except" clause allows a greater minimum sentence in the event that Congress one day enacts higher mandatory minimum sentences for Section 924(c) violations in some other section of the Code.

statute, one harsher than the other, [courts] are to choose the harsher only when Congress has spoken in clear and definite language"), superseded by statute, 18 U.S.C. § 1346, as recognized by United States v. Rybicki, 354 F.3d 124, 134 (2d Cir. 2003) (en banc).

The government argues that if Williams had been sentenced before the "except" clause was added to the statute in 1998, he would have faced both consecutive mandatory minimum sentences, and because the sponsors of the legislation stated that their general intent was to enhance penalties, Congress could not have intended an interpretation of the statute that would subject a defendant like Williams to only one mandatory minimum sentence. The Whitley court ruled that the government's argument that the congressional purpose behind Section 924(c) was to increase sentences was insufficient to void the plain language of the statute. 529 F.3d at 154-55. Although Congress might have intended to enhance firearm penalties, it was not "inconsistent with that purpose for Congress to have provided a series of increased minimum sentences and also to have made a reasoned judgment that where a defendant is exposed to two minimum sentences, some of which were increased by the 1998 amended version, only the higher minimum should apply. Indeed, such a sentencing pattern seems eminently sound." Id. at 155.[7] There is no reason

_____

[7] The government cites one specific statement from the legislative history that might bear on the statutory interpretation question at issue here – a statement that the bill had the "salutary aspect" of "authorizing imposition of stiffer minimum sentences if required under other provisions of law," thus "eliminat[ing] any potential inconsistency with other statutes." Gov't Supp. Br. at 17 (quoting Criminal Use Of Guns: Hearing on S. 191, A Bill To Throttle Criminal Use Of Guns, Hearing Before The Committee On The Judiciary, United States Senate, 105th Cong. at 38 (May 8, 1997) (Statement of Thomas Hungar, formerly of the Office of the Solicitor General)). To the extent that this vague statement is consistent with the statutory text, it does not compel the government's interpretation of the "except" clause, because it begs the question of the meaning of "potential inconsistency."

13

to depart from Whitley's reasoning in Williams's case.[8]

**D.      Anomalous Sentencing Results**

A departure from the plain text of a statute is warranted only in the rare case where the anomalous result rises to the level of a "patent absurdity," see Hubbard v. United States, 514 U.S. 695, 703 (1995) (quotation marks omitted), or has "no basis in reason," see Whitley, 540 F.3d at 89 (quotation marks omitted).  See also Clinton v. City of New York, 524 U.S. 417, 429 (1998) (applying absurdity doctrine where there was "no plausible reason" supporting a limited plain text reading).

The government argues that Williams's construction of the "except" clause results in illogical distortions of Section 924(c).  It provides the example of a defendant who possessed 500 grams of cocaine, subjecting him to a five-year minimum sentence under 21 U.S.C. § 841(b)(1)(B), and brandished a firearm in furtherance of that offense, subjecting him to a consecutive seven-year minimum sentence, resulting in a mandatory minimum sentence of twelve years.  But if that defendant had possessed five kilograms of cocaine – ten times more – he would be subjected only to the ten-year minimum sentence under 21 U.S.C. § 841(b)(1)(A).  The lower seven-year minimum for brandishing the firearm would not apply.  Thus, a defendant could be

---

[8] The government also argues that congressional acquiescence in decisions by other Circuits affirming the imposition of the mandatory penalties under Section 924(c), even where greater minimum sentences apply for drug trafficking, supports its interpretation of the statute.  But it is an impermissible stretch to draw any such inference in this case, due to the relatively small number of inconsistent holdings on the issue.  Cf. Evans v. United States, 504 U.S. 255, 268-69 n.22 (1992) (inferring congressional agreement with prevailing and consistent interpretation of statute by at least nine appellate courts over 20 years in high-profile cases involving prosecutions of important officials, for example, the Governor of Oklahoma).

14

subjected to a lower total mandatory minimum sentence for a more severe crime.[9]

Whitley made note of this apparent anomaly. 529 F.3d at 156. If Whitley's holding was limited to its facts, and the term "any other provision of law" meant only ACCA offenses, no anomalies would result. This is because the alternative mandatory minimum sentence under the ACCA is fifteen years, a number that would consistently trump the five- to ten-year minimums under Section 924(c)(1)(A)(i)-(iii). See Whitley, 529 F.3d at 157-58 (rejecting the Fourth Circuit's analysis in Studifin that an anomaly would result from imposing ACCA's minimum sentence in lieu of any higher sentence under Section 924(c)).

However, Whitley did not rely on reading an ACCA limitation into the "except" clause to reject the point regarding the potential anomaly. Whitley's primary reasoning is that the anomaly "disappears upon close scrutiny" because "no court would be required to sentence the five-kilogram defendant to only the ten-year minimum. That defendant would face a maximum sentence of life . . . . If the 'except' clause subjected more serious drug offenders to a lower maximum sentence than less serious drug offenders, the Government's anomaly argument would have some force." 529 F.3d at 155. Thus, a literal reading of the statute does not render it incoherent. As this Court reinforced in its decision denying the petition for rehearing: "[t]he literal wording leaves no defendant unsentenced. Indeed, . . . it leaves sentencing judges free to impose precisely the same number of years that the Government contends should have been

---

[9] The government's brief provides two additional examples that are not anomalies per se, but rather are examples of how Williams's interpretation would result in disparities between the minimum sentences that would apply to less and more severe conduct – for example, a ten year minimum for possessing drugs and brandishing a gun, but a twenty year minimum for possessing drugs and discharging a gun. Similar disparities result directly from Whitley's holding with respect to firearms sentences, and do not render the literal reading of the statute absurd.

imposed on Whitley, but authorizes them to do so as a matter of discretion, not as a requirement." Whitley, 540 F.3d at 89.[10]

In any event, this purported anomaly results from what, in our view, is a plain reading of the statutory text. "If, at the end of the day, Congress believes we have erred in interpreting [the statute], it remains free to correct our mistake." American Airlines, Inc. v. Wolens, 513 U.S. 219, 246 (1995) (O'Connor, J., concurring in part and dissenting in part); see also Clark v. Martinez, 543 U.S. 371, 386 (2005).

## II.   Williams's Challenges to his Conviction

Williams challenges the sufficiency of the evidence underlying his conviction, arguing that there was no evidence demonstrating that he knowingly possessed the crack cocaine and firearm that were recovered from the vehicle. In reviewing the sufficiency of the evidence, we must "view the evidence presented in the light most favorable to the government, and . . . draw all reasonable inferences in its favor." United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000). The verdict must be sustained if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence presented at trial was sufficient to permit a rational juror to conclude beyond a reasonable doubt that: Williams possessed the firearm (his fingerprints were on the gun

---

[10] Moreover, as amicus counsel argues, the United States Sentencing Guidelines themselves resolve the specific anomaly highlighted by the government. Under the Guidelines, the low end of the sentencing range for a defendant convicted of possession of five kilograms of cocaine, assuming no criminal history, would be twelve years and seven months, which is longer than the twelve-year minimum applicable to a defendant in possession of only 500 grams of cocaine. The government's response is that the Guidelines would not help a judge who seeks to sentence both defendants to the lowest possible sentence allowed by the statute. But the hypothetical judge could increase the sentence of the defendant who was not subjected to double mandatory minimum sentences to achieve parity.

16

magazine;[11] it was in the car he was driving); Williams possessed the crack cocaine with an intent to distribute (the car had a narcotics odor; the drugs were in the same compartment as the firearm; there were 180 small bags containing over 150 grams of cocaine; he had $1,100 and six cellular phones in the car); and that the gun was used in connection with the firearms offense (the gun and the drugs were found in the same hidden compartment). Thus, we reject Williams's challenge to the sufficiency of the evidence.

Williams also argues that his trial counsel was ineffective for stipulating to the fact that the gun and drugs were found during an inventory search of the car following his arrest. Williams argues that this stipulation was inconsistent with the alleged theory of the defense: to wit, that Williams was framed by the police. We decline to deviate from our "baseline aversion to resolving ineffectiveness claims on direct review" in this case, because the factual record on the issue is not fully developed and resolution of the issue is not beyond doubt. See United States v. Khedr, 343 F.3d 96, 99-100 (2d Cir. 2003) (quotation marks omitted). Williams's ineffectiveness claim can be better developed in the district court on a motion under 28 U.S.C. § 2255. Id. at 100.

## III.    Remand for Resentencing

Williams also challenges the constitutionality of the crack-to-powder cocaine sentencing ratio, which was integral to the calculation of his base offense levels and sentencing range on the narcotics count under the United States Sentencing Guidelines. The government concedes that the

---

[11] Williams testified at trial that his fingerprints appeared on the gun magazine because police officers had handed him the gun magazine at the precinct. In rebuttal, two police officers testified that Williams did not touch the weapons at the precinct. The jury certainly could have inferred from the officers's testimony that Williams's fingerprints were on the gun magazine before the arrest and, indeed, that Williams testified falsely in order to conceal his knowledge of what was in the car's hidden compartment.

record does not establish whether the district court was cognizant of its ability to impose a non-Guidelines sentence based on the disparity between sentencing for crack and powder cocaine offenses, and that therefore, remand is appropriate pursuant to United States v. Regalado, 518 F.3d 143, 149 (2d Cir. 2008).

Therefore, we remand for resentencing pursuant to Regalado and consistent with our holding that Williams is not subject to the mandatory consecutive five-year minimum for the firearm conviction under Section 924(c). Upon resentencing, Williams remains subject to the ten-year minimum statutory sentence for his drug trafficking crime, "and the sentencing judge retains authority to select any appropriate sentence, consistent with 18 U.S.C. § 3553(a), whether or not pursuant to the Guidelines, above that minimum." Whitley, 529 F.3d at 158 (footnote omitted). In light of our decision to remand, we reject, as premature, Williams's challenge to the substantive reasonability of his sentence.

## CONCLUSION

For the foregoing reasons, we affirm Williams's conviction and remand to the district court for resentencing.