SUMMARY ORDER

Defendant-appellant James Andre Clark appeals from a judgment of conviction, following a jury trial, entered on January 10, 2008, in the United States District Court for the Western District of New York (Larimer, David G., J.). Clark was convicted of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841, 846, and possession of a firearm to further a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was principally sentenced to 144 months of imprisonment on the drug charges and a consecutive term of 60 months of imprisonment on the firearm charge. We assume the parties’ familiarity with the underlying facts and procedural history of the case.

1.Sufficiency of the Evidence

Clark argues that there was insufficient evidence for the jury to find that he had violated 18 U.S.C. § 924(c) by possessing a firearm to further a drug trafficking crime. We disagree because the evidence presented at trial, “when viewed in its totality and in the light most favorable to the government,” United States v. Geibel, 369 F.3d 682, 689 (2d Cir.2004), would permit a rational jury to find a “nexus between the firearm and the drug selling operation,” United States v. Finley, 246 F.3d 199, 203 (2d Cir.2001). The uncorroborated testimony of even a single accomplice witness, if the testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt, can be sufficient to support a conviction. United States v. Florez, 447 F.3d 145, 155 (2d Cir.2006). Among the most significant testimony was that of Torrence Dyck, who testified that he had bought drugs from Clark three to four hundred times over several years and that Clark “always” answered the door to his house, from which he trafficked drugs, holding a gun. In addition, there was testimony that Clark gave a gun to Jeffrey Smith, who assisted Clark in drug operations and bought drugs from him to sell. Clark also showed Smith several other guns in his possession.
2. Improper Jury Instruction
Clark also contends that his rights under the Fifth and Sixth Amendments were violated because the jurors were not required to identify (and thereby Clark was left without notice as to) the particular firearm they found Clark guilty of possessing. In order to sustain a conviction under § 924(c), the district court’s instructions required jurors to reach unanimity on the particular gun in Clark’s possession. Although jurors were not required to make public the gun they had unanimously agreed upon, Clark cites no relevant authority to suggest that his constitutional rights were consequently violated as a result of this lack of detail.
3. Timeliness
Clark contends for the first time on appeal that the five-year statute of limitations pursuant to 18 U.S.C. § 3282 had expired prior to the filing of the indictment in March 2005.[1] Clark waived this argu *49 ment by not raising it below. See United States v. Kelly, 147 F.3d 172, 177 (2d Cir.1998). But even if we assume that the plain error standard enunciated in United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), is applicable to Clark’s argument, we nonetheless find it to be without merit. The indictment alleges a “continuing offense” of drug trafficking through April 2004 as well as firearm possession in furtherance of that offense. A continuing offense is not complete until “the conduct has run its course.” United States v. Eppolito, 543 F.3d 25, 46 (2d Cir.2008) (internal quotation marks omitted). Furthermore, because firearm possession under § 924(c)(1)(A) contains two distinct conduct elements — using or carrying of a gun and the commission of the underlying offense, United States v. Rodriguez-Moreno, 526 U.S. 275, 280, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999) — the statute of limitations for the § 924(c)(1)(A) offense did not begin to run until elements comprising the underlying offense of drug trafficking had ceased. See United States v. Cuervo, 354 F.3d 969, 992 (8th Cir.2004), vac’d on other grounds sub nom. Norman v. United States, 543 U.S. 1099, 125 S.Ct. 1049, 160 L.Ed.2d 994 (2005). Accordingly, the indictment was timely with respect to both charges.
Clark also alleges that the length of time between his arrest and the commencement of his trial violated the Speedy Trial Act. But this argument was waived when Clark failed to raise it before trial, 18 U.S.C. § 3162(a)(2), and Clark specifically agreed to a trial date beyond the time period set by the Act.
4. Reasonableness and Constitutionality of Sentence
Clark asserts that his sentence was unconstitutional because a judge, instead of a jury, found the quantity of drugs in question, and that his sentence was unreasonable in light of the actual amount of drugs recovered. The jury found Clark responsible for drug quantities detailed in 21 U.S.C. § 841(b)(1)(A), which provides a statutory maximum of life. The judge’s subsequent findings regarding drug quantity, which resulted in a sentence less than life, did not violate the Sixth Amendment or the Due Process Clause of the Fifth Amendment. See United States v. Vaughn, 430 F.3d 518, 525 (2d Cir.2005) (rejecting argument that “Due Process Clause of the Fifth Amendment requires that a defendant be sentenced only in accordance with facts proved beyond a reasonable doubt”); United States v. Crosby, 397 F.3d 103, 112 (2d Cir.2005) (“[Wjith the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection.”); see also United States v. McLeod, 251 F.3d 78, 82 (2d Cir.2001) (“Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ] is inapplicable to Guidelines calculations that do not result in a sentence on a single count above the statutory maximum for that count.”). In terms of reasonableness, there was ample evidence to support the judge’s finding regarding the amount of cocaine at issue.
*50 5. Consecutive Firearm Sentence
Clark was convicted of a drug trafficking crime, which carried a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), and possession of a firearm in furtherance of that drug trafficking crime, an offense which carried a five-year mandatory minimum consecutive sentence “[ejxcept to the extent that a greater minimum sentence is otherwise provided by ... any other provision of law” under 18 U.S.C. § 924(c)(1)(A)®. The district court sentenced Clark to 144 months of imprisonment on the drug charges and a consecutive term of 60 months of imprisonment on the firearm charge. But in United States v. Williams, 558 F.3d 166 (2d Cir.2009), this Court held that “the mandatory minimum sentence under Section 924(c)(1)(A) is ... inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense.” Id. at 168. The district court therefore erred in imposing the five-year mandatory minimum consecutive sentence under Section 924(c)(1)(A)®. Although Clark did not raise this argument below, the plain error standard of review is met. Id. at 169 n. 2. Accordingly, we remand to the district court for resentencing.
We have reviewed defendant-appellant’s remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED, and we REMAND for resen-tencing.

. Clark also alleges that (1) the indictment is *49 inadequate because it uses “boilerplate” language, and (2) the conspiracy element does not list the names of the co-conspirators. Clark waived his right to object to any defects in the indictment by not making a motion to that effect before trial. Fed.R.Crim.P. 12(b)(3)(B). Regardless, “to state an offense, an indictment need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him, state time and place in approximate terms.” United States v. Frias, 521 F.3d 229, 235 (2d Cir.2008) (internal quotation marks omitted).