SUMMARY ORDER
Defendant-appellant Deshawn Reese appeals from a judgment of conviction entered on March 27, 2008, following a plea of guilty to (1) conspiring to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(l)(A)(iii), and (2) using and possessing a firearm during and in relation to that drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The District Court sentenced him to a 135-month term of imprisonment on the conspiracy count and a 120-month term of imprisonment on the firearm count, with the terms running consecutively, as required by 18 U.S.C. § 924(c)(l)(D)(ii). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Reese argues that his sentence cannot stand in light of our recent holding that “the mandatory minimum sentence under Section 924(c)(1)(A) is ... inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense.” United States v. Williams, 558 F.3d 166, 168 (2d Cir.2009). Reese was subject to a ten-year mandatory minimum sentence on the conspiracy conviction, 21 U.S.C. § 841(b)(1)(A), and a five-year mandatory minimum sentence on the firearm conviction, 18 U.S.C. § 924(c)(l)(A)(i). When the District Court imposed a consecutive sentence above the mandatory minimum , for the firearm offense, it did not have the benefit of our guidance in Williams that a mandatory consecutive term of imprison *688 ment greater than or equal to the statutory minimum was not required. On this basis, Reese urges that we remand the case to the District Court for reconsideration of the sentence imposed.
The government reiterates its view that Williams was wrongly decided, and, indeed, the government’s position finds support in the decisions of the First, Fourth, Sixth, Seventh, and Eighth Circuits. See United States v. Easter, 553 F.3d 519, 526 (7th Cir.2009) (“It is difficult to understand why the mandatory minimum penalty that must be imposed for a standalone firearm offense should hinge on the mandatory minimum penalty that must be imposed for any other offense of conviction. In the contest between reading the ‘except’ clause to refer to penalties for the offense in question or to penalties for offense at all, we believe the former is the most natural.”) (emphasis in original); United States v. Parker, 549 F.3d 5, 11-12 (1st Cir.2008); United States v. Jolivette, 257 F.3d 581, 586-87 (6th Cir.2001); United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir.2001); United States v. Alaniz, 235 F.3d 386, 389 (8th Cir.2000). Nevertheless, the government concedes that this case must be remanded pursuant to a binding precedent of our Court. We see no basis to disagree with that concession.
Reese also challenges the District Court’s decision to deny his request for a minor role adjustment under U.S.S.G. § 3B1.2. He contends that the facts show that his role was minor when compared to that of his co-conspirators and the District Court erred by considering his “prior drug selling activity” outside of the conspiracy. Appellant’s Br. 19. We review “for clear error a sentencing court’s finding that a defendant did not play a minor role in the offense,” United States v. Brunshtein, 344 F.3d 91, 102 (2d Cir.2003) (internal quotation marks omitted), and “for abuse of discretion the district court’s application of the Guidelines” to its factual findings, United States v. Salameh, 261 F.3d 271, 280 (2d Cir.2001). Upon our review of the record, we perceive no error — much less clear error — in the District Court’s fact finding and no abuse of discretion in its application of the relevant provisions of the Guidelines to the facts of this case. In addition, the decision of the District Court to consider Reese’s drug trafficking outside the conspiracy is well-supported by our precedents. See, e.g., United States v. Greer, 285 F.3d 158, 181 (2d Cir.2002) (“The determination of a defendant’s role in the offense is to be made on the basis of all conduct within the scope of [U.S.S.G.] § IB 1.3 (Relevant Conduct), ie., all conduct included under § lB1.3(a)(l)-(4), and not solely on the basis of elements and acts cited in the count of conviction.”) (quoting U.S.S.G. Manual Ch. 3, Pt. B, intro, comment (1998) (internal quotation marks omitted)). For these reasons, we reject Reese’s challenge to the District Court’s denial of his application for a minor role adjustment.
Accordingly, the decision of the District Court to deny Reese a minor role adjustment is AFFIRMED, and the case is REMANDED to the District Court for reconsideration of the sentence in light of our holding in United States v. Williams, 558 F.3d 166 (2d Cir.2009).