**UNITED STATES of America,**
**Appellee,**

v.

**Edwin HENRIQUEZ, Defendant–**
**Appellant.**

**No. 08–3129–cr.**

United States Court of Appeals,
Second Circuit.

May 29, 2009.

Don D. Buchwald, Kelley Drye & Warren, LLP, New York, NY, for Appellant.

Marissa Molé, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Lev L. Dassin, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, Hon. JANE A. RESTANI, Judge.*

## SUMMARY ORDER

Defendant Edwin Henriquez pleaded guilty on February 13, 2008 to a three count indictment charging him with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, see 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846; distribution and possession with intent to distribute one kilogram or more of heroin, see 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A); and use of a firearm in furtherance of the charged heroin conspiracy, see 18 U.S.C. §§ 924(c)(1)(A), 2. Henriquez appeals his 180–month prison sentence, consisting of concurrent 120–month terms on each of the two narcotics counts and a consecutive 60–month term

on the firearms count. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

Our decision in *United States v. Williams,* 558 F.3d 166 (2d Cir.2009), requires us to vacate Henriquez's sentence and remand to the district court for resentencing. Henriquez's guilty plea to two narcotics counts subjected him to a mandatory minimum sentence of 120 months' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. His plea to the firearms count carried a five-year mandatory minimum consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by ... any other provision of law." 18 U.S.C. § 924(c)(1)(A)(i). In *United States v. Williams,* we held that "the mandatory minimum sentence under Section 924(c)(1)(A) is ... inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." 558 F.3d at 168. Because Henriquez was subject to a longer mandatory minimum sentence on the two narcotics counts arising from the same set of operative facts, *United States v. Williams* compels us to identify plain error in the district court's imposition of a five-year mandatory minimum consecutive sentence under § 924(c)(1)(A)(i). *See* 558 F.3d at 169 n. 2 (finding plain error); *United States v. Whitley,* 529 F.3d 150, 152 n. 1 (2d Cir.2008) (same).

We note that, on remand, *United States v. Williams* does not require the district court to disregard Henriquez's § 924(c)(1)(A) violation. As we explained

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

in *United States v. Whitley,* the sentencing judge may, consistent with 18 U.S.C. § 3553(a), increase Henriquez's sentence for the narcotic counts above the mandatory minimum of 120 months' imprisonment in light of Henriquez's § 924(c)(1)(A) violation. *See* 529 F.3d at 155; *see also United States v. Williams,* 558 F.3d at 175 (noting that *Whitley* " 'leaves sentencing judges free to impose precisely the same number of years' " as would be required absent the "except" clause, " 'but authorizes them to do so as a matter of discretion, not as a requirement.' " (quoting *United States v. Whitley,* 540 F.3d 87, 89 (2d Cir.2008) (denying petition for rehearing))).

Accordingly, the sentence imposed by the district court VACATED and we REMAND to the district court for resentencing.