07-5289-cr
U.S.A. v. Valentin (Mejia)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand ten.

Present:
        Pierre N. Leval,
        Reena Raggi,
                *Circuit Judges*,
        John Gleeson,[*]
                *District Judge.*

---

United States of America,

    *Appellee,*

        v.
 

Jose Tejada, Jose Luis Mejia, Jose Avile,

    *Defendants-Appellants.*

No. 07-3419-cr (L)
**No. 07-5289-cr (CON)**
No. 08-2665-cr (CON)

---

[*] The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellant: MARSHA R. TAUBENHAUS, New York, NY

For Appellee: REED M. BRODSKY, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY

_____

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the matter is **REMANDED** to the district court for response to this court's inquiry.

Jose Luis Mejia appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Berman, *J.*), following Mejia's guilty plea to one count of conspiring to distribute, and possess with intent to distribute, at least one kilogram of heroin, in violation of 21 U.S.C. § 846; one count of distributing, and possessing with intent to distribute, at least one kilogram of heroin, in violation of 21 U.S.C. §§ 812, 841; and one count of using or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Mejia was sentenced to concurrent terms of 120 months' imprisonment on each of the narcotics counts, and a consecutive term of sixty months' imprisonment on the firearm count. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Mejia argues that his case should be remanded for resentencing pursuant to *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), which was decided after he was sentenced. In *Williams*, this court held that the mandatory five-year consecutive sentence provided by 18

U.S.C. § 924(c) does not apply when the defendant is subject to a longer mandatory minimum for the predicate drug trafficking offense. *Id.* at 167-68.[**]

Mejia argues that the district judge would have sentenced him to a shorter term of imprisonment, had the judge foreseen this court's subsequent ruling in *Williams* and realized that he was not required to impose a consecutive five-year sentence under section 924(c). Mejia contends this inference is supported by the fact that the court sentenced him to the minimum permissible term under the court's understanding of the law prior to *Williams*, and to a term which was below the Guidelines range calculated in the Probation Office's presentence report.

Pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), we hereby remand the case for the district judge to clarify whether he would have sentenced Mejia to a shorter term of imprisonment had he understood that he was permitted to do so. Within ten days of the district court's filing of its written response to this inquiry, either party to the proceedings may restore the case to this panel by giving notice to the Clerk of the Court. *See id.*

The matter is hereby **REMANDED** to the district court for response to this court's inquiry.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[**] We note that the Supreme Court recently granted certiorari in a Third Circuit case addressing this issue. *See United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009), *cert. granted*, 78 U.S.L.W. 3437 (U.S. Jan. 25, 2010) (No. 09-479) (holding that section 924(c) requires imposition of a consecutive five-year sentence, even when the defendant is subject to a higher mandatory minimum for the predicate drug trafficking offense).