09-0765-cr
USA v. Givens

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of April, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> v.              No. 09-0765-cr

TIMOTHY GIVENS, also known as Florida Tim,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**      DONALD M. THOMPSON, Easton Thompson
                                          Kasperek Shiffrin LLP, Rochester, NY.

---

* The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

1

**FOR APPELLEE:**                    MONICA J. RICHARDS, Assistant United States Attorney (Kathleen M. Mehltretter, United States Attorney, *on the brief*), Office of the United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** for resentencing consistent with this order.

Defendant-appellant Timothy Givens ("defendant" or "Givens") appeals from the District Court's order dated December 10, 2008 declining to resentence defendant and adhering to its original sentence of 480 months' imprisonment. We briefly recount the post-conviction procedural history of the case, but we assume the parties' familiarity with the remaining factual and procedural history.

Givens was convicted in 2002 of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (Count 2) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 3). The District Court sentenced defendant to 420 months' imprisonment on Count 2 and imposed a consecutive sentence of 60 months' imprisonment on Count 3. *See* 18 U.S.C. § 924(c)(1)(A)(i). Defendant appealed both his conviction and sentence to this Court.

We affirmed defendant's conviction but, in light of the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), we remanded for further proceedings pursuant to our opinion in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *See United States v. Givens* (*Givens I*), Nos. 03-1109-cr et al., 2005 WL 1317015 (2d Cir. June 1, 2005). On remand, the District Court determined that its original sentence would *not* "have been nontrivially different under the post-*Booker*[ ] regime," *Crosby*, 397 F.3d at 119, and, accordingly, declined to vacate its original sentence. Defendant again appealed his sentence to this Court.

In a second summary order dated July 18, 2008, we remanded in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), and pursuant to this Court's decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008). *See United States v. Givens* (*Givens II*), Nos. 05-5189-cr et al., 2008 WL 2796341, at *3 (2d Cir. July 18, 2008). *Regalado* adopted *Crosby*'s procedure of remanding sentences to allow the District Court (1) to consider whether it would have imposed a different sentence in light of intervening Supreme Court precedent, and, (2) if so, to vacate the original sentence and resentence

2

the defendant. *See Regalado*, 518 F.3d at 149. Although we indicated that we were remanding Givens' sentence "pursuant to" *Regalado*, our summary order "vacated" his original sentence and remanded the case "for full re-sentencing." *Givens II*, 2008 WL 2796341, at *1, *3. Thus, despite purporting to remand "pursuant to" *Regalado*, we did not, in fact, follow the procedure set forth in *Regalado* and *Crosby*.

On remand for the second time defendant argued that, pursuant to our July 18, 2008 order, the District Court was required to conduct a full resentencing. After hearing argument from both parties the District Court concluded that our order did *not* require a full resentencing but, rather, permitted the use of the more limited procedures set forth in *Regalado* and *Crosby*. Accordingly, the District Court declined to conduct a full resentencing and it adhered to its original sentence of 420 months' imprisonment on Count 2.

Defendant has again appealed his sentence to this Court, arguing that (1) a remand is required under the intervening decision in *United States v. Williams*, 558 F.3d 166, 168 (2d Cir. 2009) (holding that "the mandatory minimum sentence under Section 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense"), and (2) the District Court erred in not conducting a full resentencing pursuant to this Court's July 18, 2008 order. The government concedes that a remand for resentencing is required under *Williams*, but asks us to hold this appeal in abeyance until a petition for a writ of certiorari filed in *Williams* is acted upon or that case is heard by the Supreme Court.

We conclude that a remand for full resentencing is required pursuant to our July 18, 2008 order. As noted above, our July 18, 2008 summary order remanding defendant's case for further proceedings was far from clear. Ordinarily, when we remand a sentence pursuant to *Regalado*, the decision to vacate the original sentence is left to the District Court. *See* 518 F.3d at 149. In this case, however, *we* vacated the original sentence *and* remanded pursuant to *Regalado*. Moreover, we ordered a "full re-sentencing" for defendant. *See Givens II*, 2008 WL 2796341, at *1, *3.

Although remands based on a "specific sentencing error" are not ordinarily subject to a full resentencing, "we must look to both the specific dictates of the remand order as well as the broader spirit of the mandate" to determine the proper scope of proceedings on remand. *United States v. Quintieri*, 306 F.3d 1217, 1227 (2d Cir. 2002) (internal quotation marks omitted). Here, the remand order explicitly stated that Givens' sentence was vacated *and* required the District Court to conduct a "*full* re-sentencing." *Givens II*, 2008 WL 2796341, at *1, *3 (emphasis added). Thus, despite the ordinary procedure called for in *Regalado*, we conclude that the District Court was required to comply with the specific terms of our July 18, 2008 order and conduct a full resentencing of Givens.

We therefore remand for a full resentencing in accordance with our July 18, 2008 order. We note that the District Court may, in its discretion, wish to postpone resentencing until the petition for a writ of certiorari in *United States v. Williams* is acted upon or the issue is decided by the Supreme Court.

**CONCLUSION**

In accordance with the foregoing, we **REMAND** the cause for full resentencing consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court