08-2834-cr
United States v. Garcia (Praylow)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand eleven.

PRESENT:
RALPH K. WINTER,
PETER W. HALL,
*Circuit Judges*,
MIRIAM GOLDMAN CEDARBAUM,
*District Judge*.*

---

United States of America,

　　　　*Appellee*,

　　v.

Docket No. 08-2834-cr

Rory Praylow, also known as Dog,

　　　　*Defendant-Appellant*.

---

\* The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:   PAUL J. MADDEN; Brooklyn, New York.

FOR APPELLEE:   ELIE HONIG, Katherine Polk Failla, Assistant United States Attorneys, of counsel, for Preet Bharara, United States Attorney for the Southern District of New York.

On remand from the Supreme Court of the United States.  **UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Rory Praylow pled guilty to conspiracy to distribute and possess with intent to distribute heroin, *see* 21 U.S.C. § 846, distribution and possession with intent to distribute heroin, *see* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and possession of a firearm in furtherance of a narcotics trafficking crime, *see* 18 U.S.C. § 924(c).  Praylow appealed, arguing that his aggregate 180-month sentence, consisting of two concurrent 120-month sentences on the narcotics counts and one consecutive 60-month sentence for the guilty plea on the firearms count, was plain error under our decisions in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009) and *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), because the district court concluded that his mandatory minimum sentence of 60 months' incarceration for his § 924(c) conviction must run consecutively to his sentence on his narcotics conviction under 21 U.S.C. § 841(a), even though the latter conviction carried a mandatory minimum of 120 months' imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).  In June 2010, we vacated and remanded Praylow's sentence, holding that under *Williams* and *Whitley*, the district court retained discretionary authority to impose a consecutive sentence consistent with its responsibility under 18 U.S.C. § 3553.  Thereafter, the United States petitioned the Supreme Court for a writ of certiorari.  In March 2011, the Supreme Court granted the writ of certiorari, vacated the decision

2

of this Court, and remanded the case for further consideration in light of *Abbott v. United States*, 131 S. Ct. 18 (2010). We assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

Title 18 U.S.C. § 924(c)(1)(A) criminalizes the use or carrying of a firearm during and in relation to a crime of violence or a drug trafficking crime and imposes specified mandatory minimum terms of incarceration in addition to the punishment provided for the underlying crime "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." In *Whitley*, 529 F.3d 150, we interpreted this "except" clause to mean that a mandatory minimum sentence prescribed under § 924(c) need not run consecutively to any greater mandatory minimum sentence. *See id.* at 153. In *Williams*, 558 F.3d 166, we extended *Whitley*, holding that a district court's contrary interpretation of § 924(c) constituted plain error. *See id.* at 169 n.2, 176. In *Abbott*, however, the Supreme Court declined to construe the § 924(c)(1)(A) "except" clause consistent with our decisions in *Whitley* and *Williams*, holding instead that the clause meant that a defendant is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." *Abbott*, 131 S. Ct. at 23. We have since recognized that both *Whitley* and *Williams* were "abrogated" by *Abbott*. *United States v. Tejada*, 631 F.3d 614, 619 (2d Cir. 2011).

Accordingly, based on *Abbott* and *Tejada*, the district court was correct in its conclusion that it was required by law to impose a five-year term of imprisonment on the § 924(c) count of conviction to run consecutive to the concurrent ten-year mandatory minimum sentences imposed

on Praylow's controlled substances offenses.  We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk