[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2010
JOHN LEY
CLERK

_____

No. 09-16468
Non-Argument Calendar

_____

D. C. Docket No. 09-00123-CR-ORL-28DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MARIN-VEGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 9, 2010)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Carlos Marin-Vega appeals his convictions for conspiracy to possess with the intent to distribute cocaine (Count 1), attempted possession with the intent to distribute five kilograms of cocaine, under 21 U.S.C. § 846 and 18 U.S.C. § 2 (Counts 1 and 2), and possession of a firearm in furtherance of a drug trafficking crime, under 18 U.S.C. § 924(c)(1)(A) and (2) (Count 3). The district court imposed a sentence of 121 months' imprisonment for Counts 1 and 2 to run concurrently, followed by 60 months' imprisonment for Count 3. On appeal, Marin-Vega argues that: (1) the mandatory minimum consecutive sentencing provisions of 18 U.S.C. § 924(c)(1)(A) are unconstitutional, and we should adopt the holding of the Second Circuit in United States v. Williams, 558 F.3d 166 (2d Cir. 2009); (2) the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b) are unconstitutional and in conflict with 18 U.S.C. § 3353(a); (3) he was not properly identified during trial as the alleged perpetrator, as there is no way to determine other than mere speculation that Marin-Vega was identified as the perpetrator; (4) the prosecutor violated Fed. R. Crim. P. 16(a)(1)(E) when he failed to disclose his intention to call five government agents as experts; and (5) the prosecutor committed prosecutorial misconduct when he impermissibly argued that it was not necessary for the defendant's guilt to proven beyond a reasonable doubt, and the prosecutor impermissibly appealed to the sympathy of the jury. After thorough review, we affirm.

We review questions of statutory interpretation <u>de novo</u>, and also review <u>de novo</u> a district court's finding concerning the constitutionality of a sentencing statute. <u>United States v. Mazarky</u>, 499 F.3d 1246, 1248 (11th Cir. 2007); <u>United States v. Quinn</u>, 123 F.3d 1415, 1425 (11th Cir. 1997). Where a defendant fails to object to an issue in the district court, we review for plain error. <u>United States v. Marcus</u>, 130 S. Ct. 2159, 2164 (2010); <u>United States v. Monroe</u>, 353 F.3d 1346, 1349-50 (11th Cir. 2003). Rule 52(b) permits us to recognize a plain error that affects substantial rights, even if the claim of error was not brought to the attention of the district court. <u>Marcus</u>, 130 S. Ct. at 2164. The Supreme Court has held that we may, in our discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. <u>Id.</u> Under plain error review, the silent defendant has the burden to show "the error plain, prejudicial, and disreputable to the judicial system." <u>Monroe</u>, 353 F.3d at 1349-50 (quotation omitted).[1]

---

[1] Because Marin-Vega failed to object to the in-court identification, the law enforcement officers' testimony at trial, and the prosecutor's statements during the trial, the plain error standard of review is the applicable standard for these three issues on appeal. <u>Monroe</u>, 353 F.3d

3

First, we reject Marin-Vega's claim that the mandatory minimum consecutive sentencing provisions of 18 U.S.C. § 924(c)(1)(A) are unconstitutional, and that we should adopt the holding of the Second Circuit in Williams, 558 F.3d at 166. For starters, Marin-Vega's argument that consecutive mandatory minimum sentences are unconstitutional is not supported by the record as he was sentenced at the bottom of the applicable guideline range to 121 months' imprisonment followed by the 60-month minimum mandatory sentence pursuant to § 924(c). Moreover, in United States v. Segarra, we expressly rejected the Second Circuit's interpretation that it was improper to sentence a defendant for both the § 841 mandatory minimum and the § 924(c) mandatory minimum under the statute's "except" clause. 582 F.3d 1269, 1272 (11th Cir. 2009) (citing Williams, 558 F.3d at 169-70). Thus, even if Marin-Vega had been sentenced to two mandatory minimum sentences, his arguments are foreclosed by precedent.

Second, we find no merit in Marin-Vega's argument that the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b) are unconstitutional and in conflict with § 3353(a). We have said that § 3553(a) makes no mention of statutory mandatory minimum sentences, and in reading § 3553(a) as a whole, § 3553(a) plainly does not confer upon the district court the authority to sentence a defendant

at 1349-50.

4

below the statutory minimum based on its consideration of the § 3553(a) factors. United States v. Castaing-Sosa, 530 F.3d 1358, 1361 (11th Cir. 2008). To avoid infringing a defendant's Sixth Amendment right to a jury trial, Booker[2] made advisory the Sentencing Guidelines, not statutory mandatory minimums enacted by Congress. Id. at 1362. Thus, Booker's instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory minimum. Id. Accordingly, we reject Marin-Vega's argument on this issue.

Third, we are unpersuaded by Marin-Vega's claim that there was plain error since he was not properly identified during trial as the alleged perpetrator. As the record shows, three witnesses identified him by the clothing he was wearing, and one officer gestured to Marin-Vega and identified him as the driver of the car conducting counter-surveillance. Further, the record does not indicate that Marin-Vega was not the individual dressed in the light tan, greenish beige suit. As we've held, courtroom identification is not necessary when the evidence is sufficient to permit the inference that the defendant on trial is the person who committed the crime. United States v. Lopez, 758 F.2d 1517, 1520 (11th Cir. 1985). Accordingly, the district court did not plainly err in concluding that there was sufficient evidence and testimony to permit

---

[2] United States v. Booker, 543 U.S. 220 (2005).

5

the inference on the part of the jury that Marin-Vega was the person who committed the crimes charged.

Fourth, we reject Marin-Vega's claim that there was plain error resulting from the prosecutor's violation of Fed. R. Crim. P. 16(a)(1)(E) when he failed to disclose his intention to call five government agents as experts. We have held that opinion testimony of officers is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his position in the business. Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd., 320 F.3d 1213, 1222 (11th Cir. 2003). Moreover, the credibility of witnesses is the exclusive province of the jury. United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).

Here, the testimony objected to by Marin-Vega was given by law enforcement officers who testified based upon personal observations regarding the instant case or similar investigations involving narcotics. The officers were not tendered as experts nor was their testimony treated as expert testimony. Because they are officers of the law, they are permitted to testify based on their personal observations, and their testimony need not be treated as expert testimony. The admission of the officers' testimony therefore did not constitute plain error.

Lastly, we disagree with Marin-Vega's claim that there was plain error because the prosecutor committed prosecutorial misconduct when he impermissibly argued that it was not necessary for the defendant's guilt to be proven beyond a reasonable doubt, and the prosecutor impermissibly appealed to the sympathy of the jury. Because statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only the evidence in the case be considered. United States v. Lopez, 590 F.3d 1238, 1256 (11th Cir. 2009). A district court's repeated reminder to the jury that the United States bore the burden of proof beyond a reasonable doubt precludes the possibility of prejudice. United States v. Simon, 964 F.2d 1082, 1087 (11th Cir. 1992).

We have stated that "[a]lthough a prosecutor may not make an argument directed to passions or prejudices of the jurors instead of an understanding of the facts and law . . . there is no prohibition on colorful and perhaps flamboyant remarks if they relate to the evidence adduced at trial." United States v. Bailey, 123 F.3d 1381, 1400 (11th Cir. 1997). It has long been the law that in giving effect to inferences as may reasonably be drawn from the evidence, juries properly apply their common knowledge, observations, and experience in the affairs of life. United States v. Cruz-Valdez, 773 F.2d 1541, 1546 (11th Cir. 1985). Prosecutorial appeals for the jury to

7

act as the conscience of the community are not impermissible, unless calculated to inflame. United States v. Beasley, 2 F.3d 1551, 1560 n.24 (11th Cir. 1993).

As the record shows, although the prosecutor did misstate the government's burden with respect to proving Marin-Vega guilty beyond a reasonable doubt, the prosecutor immediately preceding and immediately following that misstatement correctly stated its burden and explained reasonable doubt. Additionally, the district court properly instructed the jury on the law pertaining to reasonable doubt and reminded the jurors that anything the lawyers said was not evidence in the case, thereby, rectifying the prosecutor's misstatement. As a result, Marin-Vega has not demonstrated plain error based on the prosecutor's misstatement of the law.

As for Marin-Vega's claims of prosecutorial misconduct, he again has failed to demonstrate plain error. Both statements pertain to evidence adduced at trial. The prosecutor's statement pertaining to the $130,000 called upon the jury to apply their common knowledge and life experience in considering whether it is difficult for most people to generate $130,000. The prosecutor's statement pertaining to the job of stopping illegal activity does not satisfy plain error, since it was not argued that it was the jury's job to stop illegal activity and was akin to a generalized statement towards the criminal justice system. Additionally, neither of these statements is sufficient to

qualify as inflaming the conscience of the jury, and therefore, did not appeal to the sympathy of the jury. Accordingly, there was no plain error, and we affirm.

**AFFIRMED.**