UNITED STATES of America,
Appellee–Cross–Appellant,

v.

Alcides Ramon MAGANA, Mario Ernesto Villanueva Madrid, Gilberto Salinas Doria, Jose Albino Quintero Meraz, Defendants,

Jorge Manuel Torres Teyer, Victor Manuel Adan Carrasco, Oscar Moreno Aguirre, Defendants–Appellants–Cross–Appellees.

No. 04–2843.

United States Court of Appeals,
Second Circuit.

June 14, 2005.

Robin C. Smith, Brooklyn, NY, for Defendant–Appellant Moreno Aguirre.

Benjamin S. Waxman, Robbins, Tunkey, Ross, Amsel, Raben, Waxman & Eiglarsh, P.A., Miami, FL, for Defendant–Appellant Torres–Teyer.

Paul J. Angioletti, Staten Island, NY, for Defendant–Appellant Carrasco.

Anirudh Bansal, Assistant United States Attorney, New York, NY (David N. Kelley, United States Attorney for the Southern District of New York; Richard Sullivan and Katherine Polk Failla, Assistant United States Attorneys, on the brief), for Appellee.

PRESENT: JACOBS, SACK and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the

district court be **AFFIRMED** as to the convictions and the case is **REMANDED** for sentencing proceedings consistent with *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

Jorge Manuel Torres–Teyer, Victor Manuel Adan Carrasco, and Oscar Moreno Aguirre, each of whom pleaded guilty to drug conspiracy charges, appeal from sentences imposed in May 2004 by the United States District Court for the Southern District of New York (Lynch, *J.*). Defendants argue that they were sentenced in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Carrasco also argues that the district court erred by declining to reduce his offense level for his purportedly minor role in the conspiracy. In addition, Moreno Aguirre challenges the sufficiency of his guilty plea.

Moreno Aguirre argues that the district court violated Federal Rule of Criminal Procedure 11 (and due process) by failing to establish that: (1) there was a factual basis for Moreno Aguirre's guilty plea; (2) Moreno Aguirre understood the charges against him, and (3) Moreno Aguirre's plea was voluntary. Rule 11 requires that, before accepting a guilty plea, the district court advise the defendant of and determine that the defendant understands his rights and the nature of the charges, ensure that the plea is voluntary, and determine that there is a factual basis for the plea. Fed.R.Crim.P. 11(b). However, "[i]n determining whether the defendant possesses the requisite understanding of the government's charges, under Rule 11[ (b)(1)(G) ] a district court is not required to follow any particular formula[.]"

*Frederick v. Warden*, 308 F.3d 192, 197 (2d Cir.2002) (internal quotation marks and citation omitted). Similarly, with respect to the factual basis for the plea, "Rule 11[ (b)(3) ] requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty[.]" *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997).

■ Because Moreno Aguirre did not object during the plea proceeding, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 63–74, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Moreno Aguirre's plea challenge fails at the first level of this analysis because the record in this case fails to demonstrate any error. Instead, it reveals the district court's detailed explanation of the conspiracy charge to which Moreno Aguirre would be pleading, Moreno Aguirre's understanding of the charge, and his admission to facts sufficient to demonstrate guilt. We conclude that the district court properly conducted the Rule 11 plea colloquy and properly accepted Moreno Aguirre's guilty plea.

■ Carrasco argues that the district court erred by denying his application for a minor role adjustment pursuant to U.S.S.G. § 3B1.2. However, Carrasco's brief acknowledges that he was the "supervisor of the cartel's security crew." Given this concession, as well as evidence in the record indicating Carrasco's "important" role * in the conspiracy, the district court properly declined to apply the minor role adjustment. [JA 77]

Finally, all three defendants argue that they were sentenced based upon facts found by the judge rather than by the jury, in violation of *Blakely v. Washington*,

---

* The district court denied the government's application for a managerial role enhancement for Carrasco.

542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), "a ruling that *Booker* has now explicitly applied to the Guidelines," *United States v. Williams,* 399 F.3d 450, 453 (2d Cir.2005). In light of the Supreme Court's opinion in *Booker,* this case must be remanded to the district court for proceedings consistent with both *Booker* and *Crosby,* this Court's decision elucidating *Booker.* The government consents to a *Crosby* remand.

The judgment of the district court is hereby **AFFIRMED** as to the convictions and the case is **REMANDED** for sentencing proceedings consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).