**UNITED STATES of America,**
**Appellee,**

v.

**Victor Manuel Adan CARRASCO, Oscar Moreno Aguirre, Jorge Manuel Torres–Teyer, Defendants–Appellants.**

**No. 06–5739–cr.**

United States Court of Appeals, Second Circuit.

Jan. 20, 2010.

---

Paul J. Angioletti, Staten Island, NY, for Appellant Victor Manuel Adan Carrasco.

Michael J. Garcia, United States Attorney for the Southern District of New York; Anirudh Bansal, Katherine Polk Failla, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: HON. RALPH K. WINTER, HON. ROBERT D. SACK, Circuit Judges, HON. BRIAN M. COGAN, District Judge.*

### SUMMARY ORDER

This summary order addresses only the appeal of Victor Manuel Adan Carrasco, docket 06–5739–cr.

In 2005, we considered appeals from Carrasco and his codefendants regarding the sentences they had received in district court. *United States v. Magana*, 147 Fed. Appx. 200 (2d Cir.2005). We rejected Carrasco's argument that the district court erred by denying his application for a minor role adjustment pursuant to U.S.S.G. § 3B1.2. *Id.* at 201. Pursuant to the consent of the parties, we remanded under *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). *Magana*, 147 Fed.Appx. at 202. On remand, the district court declined to resentence Carrasco. *United States v. Torres Teyer*, 2006 WL 3511885 (S.D.N.Y. December 6, 2006). Carrasco now appeals. We assume the parties' familiarity with the underlying facts and procedural history of the case, and the issues on appeal.

Carrasco argues that his sentence was substantively unreasonable. We disagree. "In conducting reasonableness review, we apply the familiar abuse-of-discretion standard of review." *United States v. Irving*, 554 F.3d 64, 71 (2d Cir.2009)(internal quotation marks omitted). In order to determine if a sentence is substantively reasonable, "we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir.2006). The district court explicitly based Carrasco's sentence on the factors set forth in Section 3553(a), determining that the sentence was warranted based on Carrasco's involvement in a very large-scale drug distribution organization, and the fact that he had carried a gun as part of that involvement. *See Torres Teyer*, 2006 WL 3511885 at *11. We find no basis on which to conclude that the district court abused its discretion in this regard.

For the foregoing reasons, the judgment of the District Court as to Carrasco is hereby AFFIRMED. The appeals of Jorge Manuel Torres–Teyer, docket 06–5840–cr, and Oscar Moreno Aguirre, docket 07–0471–cr, are hereby de-consolidated from Carrasco's appeal. We continue to reserve decision as to them.

---

* The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.