06-5840-cr (L)
U.S. v. Torres-Teyer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of March, two thousand eleven.

PRESENT:
>           RALPH K. WINTER,
>           ROBERT D. SACK,
>
>                   <u>Circuit Judges</u>.
>
>           BRIAN M. COGAN,
>
>                   <u>District Judge</u>.[*]

---------------------------------------

 UNITED STATES OF AMERICA,

           <u>Appellee</u>,

            - v -                          No. 06-5840-cr (L)
                                           No. 07-0471-cr (con)

 JORGE MANUEL TORRES-TEYER and
 OSCAR MORENO AGUIRRE,

                   <u>Defendants-Appellants</u>.

---------------------------------------

---

[*]   The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Appellant
Oscar Moreno Aguirre:               Robin C. Smith, Brooklyn, NY.

Appearing for Appellant
Jorge Manuel Torres-Teyer:          Jorge Manuel Torres-Teyer, pro se;
                                    Jonathan Edelstein, New York, NY
                                    (on supplemental briefing).

Appearing for Appellee:             Anirudh Bansal, Katherine Polk
                                    Failla, Assistant United States
                                    Attorneys, New York, NY, for Preet
                                    Bharara, United States Attorney for
                                    the Southern District of New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Gerard E. Lynch, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments be, and they hereby are, AFFIRMED.

On or about May 24, 2003, and June 9, 2003, respectively, Jorge Manuel Torres-Teyer and Oscar Moreno Aguirre each pleaded guilty to one count of conspiracy to import cocaine in violation of 21 U.S.C. §§ 963, 952(a), and 960(b)(1)(B)(ii); one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  We assume the parties' familiarity with the underlying facts of these cases and the issues on appeal.

On May 4, 2004, the district court sentenced Torres-Teyer principally to 396 months' imprisonment on the two narcotics counts and 60 months' imprisonment on the firearm possession count, to be served consecutively, for a total of 456 months' imprisonment.  See United States v. Torres Teyer, 322 F. Supp. 2d 359, 363-73 (2004).  On the same day, the district court sentenced Moreno Aguirre principally to 144 months' imprisonment on the two narcotics counts and 60 months' imprisonment on the firearm possession count, to be served consecutively, for a total of 204 months' imprisonment.  See id. at 378-84.

Moreno Aguirre and Torres-Teyer each appealed.  Moreno Aguirre challenged both his conviction and his sentence, while Torres-Teyer appealed only his sentence.  On appeal, we affirmed Moreno Aguirre's conviction, but vacated and remanded both sentences for further review by the district court in accordance with United States v. Booker, 543 U.S. 220 (2005), and United

2

States v. Crosby, 397 F.3d 103 (2d Cir. 2005). See United States v. Magana, 147 F. App'x 200, 201-02 (2d Cir. 2005) (summary order).

On remand, the district court declined to re-sentence Torres-Teyer, ruling that there was no basis for concluding that his sentence would have been different under a non-mandatory Guidelines regime. See United States v. Torres Teyer, No. 01 Cr. 21 (GEL), 2006 WL 3511885, at *3-*11, 2006 U.S. Dist. LEXIS 88150, at *10-*32 (S.D.N.Y. Dec. 6, 2006). The district court determined, however, that resentencing for Moreno Aguirre was required. See id. at *13-*15, 2006 U.S. Dist. LEXIS 88150, at *37-*44.

After considering new, mitigating evidence concerning Moreno Aguirre's diminished mental capacity, the district court resentenced Moreno Aguirre on February 2, 2007, to the statutory mandatory minima of 120 months' imprisonment on the two narcotics counts and 60 months' imprisonment on the firearm possession count, to be served consecutively, for a total of 180 months' imprisonment.

Torres-Teyer and Moreno Aguirre again filed appeals. Torres-Teyer initially proceeded pro se, while Moreno Aguirre was represented by counsel. In 2007, counsel for Moreno Aguirre moved to withdraw her representation pursuant to Anders v. California, 386 U.S. 738 (1967), and the government cross-moved for summary affirmance. On June 25, 2009, we denied both motions and ordered full briefing. We specifically requested that the parties address the effect of United States v. Williams, 558 F.3d 166 (2d Cir. 2009), abrogated by Abbott v. United States, 131 S. Ct. 18 (2010), on the lawfulness of Moreno Aguirre's sentence.[1]

On January 20, 2010, we affirmed the sentence of a third co-defendant, Victor Manuel Adan Carrasco, and reserved decision on Torres-Teyer's and Moreno Aguirre's appeals. See United States v. Carrasco, 361 F. App'x 230, 231 (2d Cir. 2010) (summary order). By order of January 21, 2010, we stayed the two remaining appeals pending resolution of the government's petition for certiorari in Williams. We also appointed Torres-Teyer pro

---

[1] In Williams, a panel of this Court held that "the mandatory minimum sentence under Section 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." Williams, 558 F.3d at 168.

bono counsel to assist him with any further briefing concerning the lawfulness of Torres-Teyer's consecutive sentence on his section 924(c) conviction.

On November 29, 2010, the Supreme Court granted certiorari in Williams and vacated that judgment for further consideration in light of the Court's decision in Abbott v. United States, 131 S. Ct. 18 (2010).[2] See Williams v. United States, 131 S. Ct. 632 (2010). On December 8, 2010, we lifted the stay of these appeals and directed supplemental letter briefing from the parties.

Upon reviewing the parties' supplemental submissions, and in light of the Supreme Court's ruling in Abbott, we conclude that the defendants' challenges to the mandatory consecutive sentences imposed for their respective section 924(c) convictions are without merit.

Moreno Aguirre, aside from arguing that he should not have received a consecutive sentence for his section 924(c) conviction, identifies no other error in the proceedings on Crosby remand.

Torres-Teyer makes several arguments on appeal that are unrelated to either the issue of consecutive sentencing under section 924(c) or to the district court's decision not to re-sentence him on Crosby remand. Torres-Teyer argues: (1) that the government breached a plea agreement by seeking a two-level sentence enhancement for obstruction of justice; (2) that his extradition to the United States from Belize in 2002 was unlawful; (3) that his guilty plea in 2003 lacked a sufficient factual predicate with respect to the section 924(c) charge; and (4) that the U.S. government unlawfully revoked his family members' visas.

As a threshold matter, several of these arguments amount to challenges to his underlying conviction. Insofar as those arguments were not raised by Torres-Teyer in his previous appeal, see Magana, 147 F. App'x at 201-02, they cannot be raised now. See, e.g., Williams, 475 F.3d at 475; United States v. Quintieri, 306 F.3d 1217, 1229-30 (2d Cir. 2002), cert. denied, 539 U.S. 902 (2003); United States v. Ben Zvi, 242 F.3d 89, 95-96 (2d Cir.

_____

[2] In Abbott, the Supreme Court held, abrogating Williams, that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Abbott, 131 S. Ct. at 23.

2001).  To the extent that Torres-Teyer's arguments have not been forfeited, we have considered them and conclude that they are without merit.

For the foregoing reasons, the judgments of the District Court are hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court