**Victor Manuel Adan CARRASCO,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

Nos. 10 Civ. 8308 (VM),
01 Cr. 021 (GEL).

United States District Court,
S.D. New York.

Oct. 20, 2011.

Victor Manuel Adan Carrasco, Taft, CA, pro se.

Martin Bell, United States Attorney Office, SDNY, New York, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Victor Manuel Adan Carrasco ("Carrasco") brought this pro se motion pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate, set aside, or otherwise correct his sentence. Carrasco is serving a sentence of 264 months for conspiracies to import and distribute cocaine. Carrasco contends that his sentence must be vacated because

he was denied his Sixth Amendment right to effective assistance of counsel. For the reasons discussed below, Carrasco's petition is DENIED.

## I. *BACKGROUND* [1]

The Government alleges in this action that from the mid–1990s through the early part of the last decade, a Mexican drug cartel under the leadership of Alcides Ramon Magaña ("Magaña") operated a complex international scheme to smuggle vast quantities of cocaine from Columbia, through Belize and the Mexican state of Quitana Roo, and ultimately into the United States and the Southern District of New York. The conspiracy led by Magaña allegedly comprised individuals in Colombia, Belize, the United States and Mexico, including the then-governor of the Mexican state of Quitana Roo, Mario Ernesto Villanueva Madrid. During the year 2000, Carrasco worked in Belize as a member of this conspiracy. Carrasco coordinated the transportation of cocaine, through cargo transfers on the open ocean, from Columbia to Mexico, en route to the United States.

Carrasco was arrested in 2001 in Belize. At the time of his arrest, Carrasco was in possession of 1,500 kilograms of cocaine. The initial indictment alleging the conspiracy in which Carrasco participated was filed on January 11, 2001, and Carrasco was ultimately taken into United States custody on September 5, 2002.

On June 9, 2003, the morning that his trial was set to begin before the Honorable Gerard E. Lynch of this Court, Carrasco entered a guilty plea to two counts of a superseding indictment dated June 3, 2003 (the "S10 Indictment"). Count One of the S10 Indictment charged Carrasco with conspiracy to import 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 963, 952 and 960(b)(1)(B)(ii). Count Two charged Carrasco with conspiracy to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Carrasco's co-defendant at trial, Oscar Moreno Aguirre ("Moreno"), also pled guilty to Counts One and Two, as well as to a third count. Other co-conspirators were tried or prosecuted separately from Carrasco and Moreno.

Judge Lynch held a hearing to resolve sentencing issues on March 3 and 4, 2004, and issued a sentencing opinion on April 27, 2004. In that opinion, Judge Lynch found Carrasco's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or the "Sentencing Guidelines") to be 38. Judge Lynch also found that Carrasco carried firearms during the commission of acts in furtherance of the conspiracies, which resulted in a two-point enhancement to Carrasco's offense level. Additionally, Carrasco was entitled to a two-point reduction in his offense level for his acceptance of responsibility in the form of his guilty plea. Therefore, Carrasco's final offense level was 38 and the Sentencing Guideline range for Carrasco was 235 to 293 months. Based on his April 27, 2004 opinion, Judge Lynch ultimately sentenced Carrasco, on May 4, 2004, to 264

---

**1.** The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: *United States v. Teyer*, 322 F.Supp.2d 359 (S.D.N.Y.2004) (sentencing Carrasco); Carrasco's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, dated October 5, 2010; The Government's Memorandum of Law in Opposition to Victor Manuel Adan Carrasco's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, dated February 14, 2011; Carrasco's Traverse to Government's Opposition to Petitioner's Motion for Habeas Relief Under 28 U.S.C. § 2255, dated April 12, 2011; and a transcript of the plea allocution conducted by The Honorable Gerard E. Lynch on June 9, 2003 ("Plea Transcript"). Except where specifically referenced, no further citation to these sources will be made.

months imprisonment followed by five years of supervised release.

Carrasco twice appealed his convictions and sentence to the United States Court of Appeals for the Second Circuit. First, the Second Circuit rejected the argument that Judge Lynch erred by refusing to apply a "minor role adjustment under Sentencing Guideline § 3B1.2. *See United States v. Magana*, 147 Fed.Appx. 200, 201 (2d Cir. 2005). In that opinion the Second Circuit also remanded the case to Judge Lynch to determine whether or not resentencing was warranted due to the intervening decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Subsequently, Judge Lynch declined to resentence Carrasco and the Second Circuit ultimately affirmed Carrasco's sentence. *United States v. Carrasco*, 361 Fed.Appx. 230 (2d Cir.2010).

On October 5, 2010, Carrasco timely filed the instant motion under § 2255. Carrasco asserts that he was denied his Sixth Amendment right to effective assistance of counsel. Specifically, Carrasco alleges that his counsel was ineffective in three ways. First, Carrasco argues his counsel mistakenly believed, and therefore misrepresented to Carrasco, that the elements of Count One of the S10 Indictment could be satisfied by Carrasco's conduct in Belize. Second, Carrasco asserts that his counsel failed to conduct a sufficient investigation of his actions that provided the basis for his guilty plea as to Count Two, which would have revealed no conduct within the United States and thus, according to Carrasco, would have supported a finding of innocence on the conspiracy charge. Third and finally, Carrasco assails both his trial and appellate counsel for their failure to argue that the two-level enhancement, under Sentencing Guideline § 2D1.1(b)(1), for the use of a weapon during the offense, cannot be applied when the use of the weapon occurred in a foreign country.

## II. DISCUSSION

### A. LEGAL STANDARD

■ At the outset, the Court notes that Carrasco is a pro se litigant. As such, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993) (*quoting Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court must construe Carrasco's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (*quoting Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

■ A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims of ineffective assistance of counsel may be raised under § 2255 and are not barred for failure to raise them on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). In *Strickland v. Washington*, the Supreme Court established a two-part test to determine whether defense counsel's assistance was ineffec-

tive. *See* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness ... under prevailing norms ... viewed as of the time of counsel's conduct." *Id.* at 688–90, 104 S.Ct. 2052. Second, the defendant must show that he suffered prejudice as a result of defense counsel's deficient performance. *See id.* at 693, 104 S.Ct. 2052. Prejudice is established where "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

 Pursuant to *Strickland* and its progeny, counsel has a duty to investigate. *See id.* at 691, 104 S.Ct. 2052. Counsel's decision not to investigate must be assessed for reasonableness under the circumstances. *See id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91, 104 S.Ct. 2052. Consequently, "[t]he *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane,* 239 F.3d 191, 199 (2d Cir.2001).

 A criminal defendant's Sixth Amendment right to counsel also includes the right to counsel on his first appeal. *See Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir.2001). To demonstrate ineffective assistance of appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994). Rather, a defendant's ineffective assistance of appellate counsel claim can prevail only if he can show that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Id.*

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

1. *The Applicability of 21 U.S.C. §§ 963 and 841 to Carrasco's Conduct in Belize*

Carrasco argues that his trial counsel was ineffective for (1) advising him to plead guilty without raising or investigating the potential defense that 21 U.S.C. § 963 ("§ 963") does not apply to his actions taken on foreign soil and (2) failing to uncover that he never performed an act in furtherance of the conspiracy within the United States, which, Carrasco argues, would have defeated the conspiracy charge under 21 U.S.C. § 841 ("§ 841"). Carrasco asserts that each of these statutory provisions cannot apply to his conduct in Belize and, therefore, that his prosecution was based on improper jurisdiction and venue.

 Carrasco's ineffective assistance claim can succeed only if there was a reasonable probability that Carrasco's legal position—that §§ 963 and 841 cannot be applied extraterritorially—would have been adopted by the trial or appellate court. If Carrasco's argument is unsupported and untenable as a matter of law, he would have suffered no prejudice from his attorney's failure to take that position. *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052. Carrasco's first and second arguments as to ineffective counsel fail because the legal premise upon which those arguments rest is and was foreclosed by settled law. Therefore, it was reasonable for his counsel to forego those arguments and Carrasco suffered no prejudice.

■ For over twenty-five years, appellate courts throughout the country have held that § 963 may be applied extraterritorially to conduct in foreign countries that is directed at smuggling narcotics into the United States. *See, e.g., United States v. Cohen*, 427 F.3d 164 (2d Cir.2005); *United States v. MacAllister*, 160 F.3d 1304, 1308 (11th Cir.1998) ("Logic dictates that Congress would not have passed a drug conspiracy statute that prohibits international drug smuggling activities, while simultaneously undermining the statute by limiting its territorial application."); *United States v. Palella*, 846 F.2d 977, 980 (5th Cir.1988) (extraterritorial application necessary to effectuate statute); *United States v. Wright-Barker*, 784 F.2d 161, 167 (3d Cir.1986) (same).

The Second Circuit surveyed these uniform decisions of its sister circuits in *Cohen*, where the defendant was sentenced in February 2004—two months prior to Carrasco—and found "no principle" that supported the contention that § 963 could not be applied to conduct abroad. *Id.* 168–69. *Cohen* specifically held that counsel was not ineffective for failing to object to prosecution statements at trial with the argument that § 963 cannot be applied to conduct outside the United States. *Id.* at 168–70. Even now, Carrasco does not contest that, as he admitted during his plea colloquy, he knew that some of the cocaine that he helped traffic through Belize was bound for the United States. *See* Plea Transcript at 25 ("As all of us know, part of those drugs would come into the United States.... I did clearly have knowledge that part of those drugs were coming to the United States."). Therefore, Carrasco's counsel—acting contemporaneously to the attorney in *Cohen*—was not ineffective for failing to advise or argue based on an identical and identically baseless legal position.

■ Well-settled law also refutes Carrasco's argument that his counsel should have challenged the application of § 841 to his conduct in Belize. In 1984, the Second Circuit held that a defendant could be convicted under § 841 if he was part of a conspiracy to distribute narcotics in the United States even if that defendant's acts in furtherance of the conspiracy occurred abroad. *United States v. Orozco-Prada*, 732 F.2d 1076, 1087–88 (2d Cir.1984) ("[T]he intent to distribute within the United States supplies [§ 841] a jurisdictional nexus that might otherwise be lacking. The intent to cause effects within the United States also makes it reasonable to apply to persons outside United States territory [§ 841,] which is not expressly extraterritorial ...." (internal quotation omitted)). Carrasco's counsel was under no obligation to investigate facts that could support a defense based on Carrasco's never having entered the United States, because such a defense would be rejected as a matter of established law. Carrasco could have suffered no prejudice from that asserted failure of his trial counsel, and, as such, Carrasco's second ground for relief must be rejected as well.

2. *Applicability of Sentencing Guideline § 2D1.1(b)(1) to Extraterritorial Offense-Conduct*

■ Carrasco's third argument is that his trial and appellate counsel were deficient, for failing to argue against the two-level enhancement applied by Judge Lynch pursuant to Sentencing Guideline § 2D1.1(b)(1) for use of a dangerous weapon in the course of the offense. Carrasco asserts that the enhancement cannot be applied to his use of a dangerous weapon because that conduct occurred solely in Belize.[2] Carrasco asserts that he was prejudiced by his counsels' failure to raise

---

**2.** Carrasco cites *Small v. United States*, 544

U.S. 385, 125 S.Ct. 1752, 161 L.Ed.2d 651

this argument on sentencing and appeal because the upper limit of the Sentencing Guideline range for his offense, in the absence of the enhancement, would have been lower than the sentence he received.

Like his arguments above, Carrasco's argument that his trial and appellate counsel were ineffective for failure to argue that the foreign use of a weapon cannot support an enhancement under Sentencing Guideline § 2D1.1(b)(1) is foreclosed as a matter of law.

█ Under Second Circuit law at the time of Carrasco's sentencing,[3] conduct that is not within the context of a crime against the United States could not be considered in determining a defendant's offense level. *See United States v. Azeem*, 946 F.2d 13 (2d Cir.1991) (rejecting sentencing court's consideration of separate, wholly foreign drug transaction in determining offense level because drugs involved in separate transaction were not en route to United States); *United States v. Chunza–Plazas*, 45 F.3d 51, 57–58 (2d Cir. 1995) (applying *Azeem* and finding that only those foreign activities related to "crimes against the United States" were relevant to consideration of upward depar-

ture). However, the Sentencing Guidelines require a court to consider all of a defendant's conduct that was related to the offense, even where that conduct occurred outside the United States. *See United States v. Greer*, 285 F.3d 158, 179 (2d Cir.2002) ("[The Sentencing Guidelines] provide[ ] that *all* acts ... by the defendant and that occurred during the commission of the offense *shall* be factored into the determination of the base offense level.... [N]othing in the U.S.S.G. limits their application to "activity undertaken against the United States." (internal citations omitted) (emphasis in original)). Moreover, the Sentencing Guidelines provide for enhancements directed specifically at conduct outside the United States. *See, e.g.*, U.S.S.G. § 2B1.1(b)(9)(B). This specific reference to extraterritorial application conclusively demonstrates that conduct justifying enhancements under the Guidelines is in no way limited to conduct that occurred within the territorial United States.

This overview states the controlling law at the time of Carrasco's sentencing in 2004, which post-dated *Azeem*, *Chunza–Plazas* and *Greer*.[4] As discussed above,

---

(2005), in support of this argument. However, *Small* is wholly inapposite. *Small* interpreted the clause "convicted in any court" as limited to prior convictions in domestic courts in determining that a conviction in Japan could not serve as the predicate offense in a subsequent United States prosecution for possession of a firearm by a felon. *Id.* at 394, 125 S.Ct. 1752. *Small* does not address the extraterritorial application of offense-level enhancements at all and provides no support for the proposition Carrasco advances here.

3. Judge Lynch sentenced Carrasco prior to the United States Supreme Court's holding in *Booker*, which, of course, rendered the Sentencing Guidelines advisory. 543 U.S. at 265, 125 S.Ct. 738. The state of the law at the time of Carrasco's sentencing, necessarily reflects the then-mandatory character of the Sentencing Guidelines. The efficacy of Car-

rasco's counsel must be evaluated in the context of the contemporary state of the law. *See U.S. v. Gaskin*, 364 F.3d 438, 469 (2d Cir. 2004) (discussing "contemporary assessment rule" in applying *Strickland* (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Lockhart v. Fretwell*, 506 U.S. 364, 371–372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993))). Therefore, the pre-*Booker* case law of the Second Circuit discussed herein is the relevant body of law against which to evaluate Carrasco's counsel.

4. It should be noted that the reasoning set forth in the cases discussed herein, though announced prior to *Booker*, is not diminished by *Booker*'s rendering the Sentencing Guidelines advisory. The question of the territorial reach of offense-level enhancements does not turn on whether or not application of those enhancements is mandatory or advisory. Indeed, courts in this Circuit continue to cite

the charges to which Carrasco pled guilty under § 963 and § 841 were clearly "crimes against the United States" and, therefore, his use in Belize of firearms during the commission of those crimes provided an appropriate basis for the enhancement under Sentencing Guideline § 2D1.1(b)(1). There is no support for Carrasco's argument that, where the underlying crime violates United States law, acts taken on foreign soil in furtherance of that crime cannot be factored into calculations under the Sentencing Guidelines. Thus, under the applicable standards for the effectiveness of counsel, neither Carrasco's trial nor appellate counsel were ineffective because they did not raise this baseless argument, and Carrasco suffered no prejudice from their decision not to do so. Accordingly, Carrasco is not entitled to habeas relief on this ground.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 1) of petitioner Victor Manuel Adan Carrasco ("Carrasco") to vacate, set aside, or otherwise correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

As Carrasco has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

these cases for these propositions. *See, e.g., United States v. Turner,* 624 F.Supp.2d 206, 217–22 (E.D.N.Y.2009).

As described above, on Carrasco's first appeal, the Second Circuit remanded to allow Judge Lynch to reevaluate Carrasco's sentence in light of *Booker.* Judge Lynch again found the two-point enhancement warranted and refused to alter Carrasco's sentence on remand. *See United States v. Torres–Teyer,* No. 01 Cr. 021, 2006 WL 3511885, at *11 (specifically noting Carrasco's use of firearms during the offense and repeatedly affirming that Carrasco's sentence would have been the same whether the Sentencing Guidelines were mandatory or advisory). Judge Lynch's decision not to resentence Carrasco was affirmed on appeal. *See Carrasco,* 361 Fed. Appx. 230.

Because Judge Lynch found that he would have evaluated Carrasco's sentence identically before or after *Booker,* and because the reasoning in the Second Circuit case law regarding extraterritorial application of the Sentencing Guidelines was unaffected by *Booker,* Carrasco cannot establish prejudice from his appellate counsel's failure to raise this argument.