[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2011
JOHN LEY
CLERK

No. 09-13521
Non-Argument Calendar

_____

D. C. Docket No. 09-20143-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS VALLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 3, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Valle appeals his 180-month sentence for conspiracy to possess over five kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846; conspiracy to interfere with commerce by threats or robbery, in violation of 18 U.S.C. § 1951(a); and possession of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Valle argues that the district court erred by imposing a sentence of 60 months for the firearm offense to run consecutively to his 120-month mandatory minimum sentence for the drug trafficking offense.[1] We affirm.

Valle contends that § 924(c)(1)(A) prohibits a district court from imposing consecutive sentences when the mandatory minimum sentence for the underlying drug trafficking offense is higher than the minimum sentence for the firearm offense. He argues that because the statute requires a consecutive 60-month sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided . . . by any other provision of law," § 924(c)(1)(A), he cannot be sentenced consecutively for his firearm offense when he has also been convicted under another provision of law, 21 U.S.C. § 846, that provides a greater mandatory minimum sentence. See U.S. v. Williams, 558 F.3d 166, 168-69 (2d Cir. 2009)

---

[1] The district court also sentenced Valle to 120 months imprisonment for his conviction under 18 U.S.C. § 1951(a), to be served concurrently with the drug offense sentence.

(holding that the "except" clause prohibits consecutive sentences where an underlying drug offense provides a greater minimum sentence).

We recently rejected this argument in United States v. Segarra and held that § 924(c)(1)(A) requires consecutive sentences even when the mandatory minimum sentence for the underlying drug offense is greater than the sentence for the firearm offense. 582 F.3d 1269, 1273 (11th Cir. 2009). Based on our decision in Segarra, we hold that the district court did not err by sentencing Valle to a consecutive 60-month sentence for his conviction under § 924(c)(1)(A).[2]

Accordingly, we affirm Valle's 180-month sentence.

**AFFIRMED.**

---

[2] Valle acknowledges that Segarra is controlling, but appeals to preserve the issue for further review in light of the circuit split on this issue, see United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and the Supreme Court's recent grant of certiorari in two consolidated cases based on similar arguments. See Abbott v. United States, 574 F.3d 203 (3d Cir. 2009), cert. granted, 78 U.S.L.W. 3254, 2010 WL 250514 (U.S. Jan. 25, 2010) (No. 09-479); Gould v. United States, 329 Fed. App'x 569 (5th Cir. 2009), cert. granted, 78 U.S.L.W. 3430, 2010 WL 250523 (U.S. Jan. 25, 2010) (No. 09-7073).