[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11399
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20143-CMA-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS VALLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 22, 2015)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Luis Valle, proceeding *pro se*, appeals the district court's denial of his *pro se* motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines.  He argues that the district court erred by concluding that he was ineligible for a sentence reduction because he was sentenced to the mandatory minimum statutory terms for his offenses.  After careful review, we affirm the denial of Valle's motion.

## I.

Valle pled guilty to conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846; conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and possession of a firearm in furtherance of a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  During the plea colloquy, the government informed Valle that the mandatory minimum sentence for the drug-conspiracy offense was ten years' imprisonment and that he faced a mandatory consecutive sentence of five years' imprisonment for the firearm-possession offense.

Under the 2008 Sentencing Guidelines, Valle was assigned a base offense level of 34 for the conspiracy offenses, because the offenses involved between 15

and 50 kilograms of cocaine, and a criminal history category of I.[1]  Valle also received a three-level reduction for acceptance of responsibility.  This established a guideline range of 108-135 months' imprisonment.  But due to the ten-year mandatory minimum term for the drug-conspiracy offense, Valle's guideline range became 120-135 months' imprisonment.  *See* U.S.S.G. § 5G1.1(c) & cmt. (explaining how a statutory mandatory minimum or maximum sentence affects the otherwise-applicable guidelines range).  The district court sentenced Valle to the minimum term of 120 months on the conspiracy offenses, plus the consecutive 60-month sentence for the firearm-possession offense.  We affirmed Valle's total 180-month sentence on direct appeal.  *United States v. Valle*, 425 F. App'x 872, 873 (11th Cir. 2011).

In 2014, the Sentencing Commission issued Amendment 782, which reduced the offense level for certain drug-trafficking offenses, including Valle's, by two levels.  U.S.S.G. App. C, amend. 782.  That same year, Valle, proceeding *pro se*, filed a motion to reduce his sentence under § 3582(c)(2) based on Amendment 782.  After the government responded, the district court denied Valle's motion, concluding that Valle was not eligible for a sentence reduction because he was sentenced to the mandatory minimum terms of imprisonment.  Valle now appeals.

---

[1] The firearm-possession offense was not grouped with the conspiracy offenses because of the mandatory consecutive sentence for that offense.

3

**II.**

We review *de novo* the district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.*

When the district court considers a § 3582(c)(2) motion, it must first recalculate the guidelines range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). In recalculating the guidelines range, the district court can substitute only the amended guideline and must keep intact all other guidelines decisions made during the original sentencing. U.S.S.G. § 1B1.10(b)(1) & cmt. n.1(A). Except in circumstances not present here, the district court cannot reduce a defendant's sentence below "the minimum of the amended guideline range." *Id.* § 1B1.10(b).

Here, the district court properly concluded that it was not authorized to grant Valle a sentence reduction under § 3582(c)(2) because it could not sentence him below the minimum of the amended guideline range. *See id.* Due to the statutory mandatory minimum of 10 years' imprisonment, Valle's amended guideline range

4

cannot go lower than 120 months' imprisonment.[2]  *See* U.S.S.G. § 5G1.1 & cmt.; *see also United States v. Williams*, 549 F.3d 1337, 1340-41 (11th Cir. 2008). Valle's original guideline range was 120-135 months' imprisonment because the mandatory minimum set the low end of the range.  *See id.* § 5G1.1(c).  And, while Amendment 782 otherwise would have reduced Valle's guideline range to 87-108 months' imprisonment, the statutory mandatory minimum requires the low end of Valle's guideline range to remain at 120 months.  *See id.* § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Because Valle was originally sentenced to 120 months' imprisonment, the minimum of the amended guideline range, a further reduction of his sentence is not consistent with the Sentencing Commission's policy statements.  *See* U.S.S.G. § 1B1.10(b); *see also United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008) ("It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum . . . .").  Accordingly, the district court properly denied Valle's § 3582(c)(2) motion.

---

[2] Although Valle claims that he was not informed of the statutory mandatory minimum at sentencing, the record does not support that contention, nor is such an argument within the scope of the highly limited § 3582(c)(2) proceeding.  *See Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010) (explaining that § 3582(c)(2) proceedings are limited solely to considering the effects of a retroactively applicable guidelines amendment).

Nonetheless, we note that the government's argument sweeps too broadly. The government contends that Valle was not eligible for a reduction under § 3582(c)(2) because his guideline range was based on the mandatory minimum, not drug quantity, so Amendment 782 did not lower Valle's amended guideline range. That is the rule where the statutory mandatory minimum exceeds, and therefore supersedes, the original guideline range. *See United States v. Mills*, 613 F.3d 1070, 1077-78 (11th Cir. 2010) (holding that a defendant is ineligible for a sentence reduction under § 3582(c)(2) when the statutory mandatory minimum exceeds the defendant's guideline range). Here, however, the mandatory minimum term fell within the otherwise applicable original guideline range, so Valle's range (up to the high end of 135 months) was still determined by drug quantity. *See* U.S.S.G. § 5G1.1(c). Amendment 782 therefore has the effect of lowering Valle's guideline range from 120-135 months to simply 120 months. *See* U.S.S.G. § 5G1.1(b). This is significant because, had Valle been sentenced originally to a term longer than the statutory minimum (between 120 and 135 months), he would have been eligible for a sentence reduction notwithstanding the fact that the low end of his range did not change. But because he was sentenced to the minimum term, he is not eligible to receive a reduction in this case. *See* U.S.S.G. § 1B1.10(b).

In short, the district court properly concluded that a reduction in Valle's sentence was not authorized under § 3582(c)(2).  We therefore affirm the denial of Valle's motion for a sentence reduction.

**AFFIRMED.**