UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                          Case No. 08-cr-161-2-SM
                                        Opinion No. 2018 DNH 222

Alnardo Suarez


**O R D E R**


Petitioner pled guilty to several offenses: one (1) count of Unlawful Possession with Intent to Distribute Five or more Grams of Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(ii); one (1) count of Unlawful Possession of a Controlled Substance (marijuana) with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D); and one (1) count of Conspiracy to Distribute More than Fifty Grams of Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 846 and 846(b)(1)(A).  His plea was entered pursuant to a "binding" agreement under Fed. R. Cr. P. 11(c)(1)(C) for a fixed sentence of 150 months of incarceration.

Petitioner's total offense level under the Sentencing Guidelines was properly calculated to be 29 after adjustments. Petitioner's offense level and criminal history category would have generated a guideline sentencing range of between 87 to 108 months, but for a mandatory minimum sentence of not less than 10

1

years (120 months) required, by statute, to be imposed on the conspiracy offense. Five year (60 month) statutorily mandated minimum sentences also applied to the two "possession with intent" offenses.

The government and petitioner agreed to a 150-month sentence in light of the applicable mandatory minimum sentences and in consideration of the government's dismissing a gun charge (18 U.S.C. § 924(c)), that carried a five-year mandatory minimum consecutive sentence. As petitioner says, given the circumstances, the parties "split the difference between a 120-month sentence and a 180-month sentence by agreeing to a sentence of 150 months." (Document no. 90).

Petitioner now seeks sentence relief under 18 U.S.C. § 3582(c)(2), asserting that he was initially sentenced "based on a sentencing range" that was later lowered by the United States Sentencing Commission. Petitioner invokes Amendment 782 to the Guidelines, and points to Hughes v. United States, ___ U.S. ___, 138 S. Ct. 1765 (2018), arguing that the initially-applicable guideline sentencing range (absent the mandatory minimum sentence to 120 months) has been lowered, and Hughes explains that where the guidelines range played a "relevant part" in the court's imposition of sentence, the sentence can be said to have been "based on" the guidelines range that was subsequently lowered. Accordingly, a defendant is, under such

2

circumstances, eligible to be considered for discretionary sentence relief.

Here, however, it is plain that petitioner's sentence was not based on a guideline range that was subsequently lowered. His sentence was based on a guideline sentencing "range" of 120 months, given the applicable mandatory minimum, and upon the parties' plea agreement, part of the consideration for which was dismissal of an additional charge carrying a consecutive 5-year minimum. See U.S.S.G. § 5G1.1(b).

The Supreme Court's decision in Koons v. United States, ___ U.S. ___, 138 S. Ct. 1783 (2018), resolved the issue presented here. When a defendant is sentenced to a term of imprisonment that is higher than the otherwise applicable guideline range because a statutorily mandated minimum sentence prevails, as is the case here, the imposed sentence is not one "based on" the Guidelines, but rather on the statutory mandatory minimum. See also United States v. Cook, 594 F.3d 883, 886 (D.C. Cir. 2010); United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010); United States v. Jones, 313 F. Supp. 3d 167 (D.D.C. 2018). "In those cases, the mandatory minimum effectively supersedes the guidelines range, which then drops out of the sentencing framework and is not considered by the judge." Jones, 313 F. Supp. 2d at 170 (citing United States v. Valle, 635 Fed. Appx. 708, 710 (11th Cir. 2015)). It was not the now-lowered

3

guideline range upon which the sentence was based but the still-applicable minimum sentence mandated by statute.

Petitioner is not entitled to sentence relief under 18 U.S.C. § 3582(c)(2), and appointed counsel has failed to make a preliminary showing of petitioner's eligibility for a sentence reduction under Amendment 782.  Accordingly, no further action is required with respect to that potential claim.

Parenthetically, the court notes that it is not clear whether petitioner's correspondence seeking appointment of counsel actually raises the claim or merely implies that such a claim might be viable.  Counsel's response to the show cause order, issued following appointment of counsel, properly makes the case in support of petitioner's eligibility for sentence relief and is considered in that context.  To the extent the relief is actually sought under Amendment 782, it is, for the reasons given, denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 8, 2018

cc:  Seth R. Aframe, AUSA
     William E. Christie, Esq.
     U.S. Probation
     U.S. Marshal

4