*United States v. Carter*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-four.

PRESENT:

> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                  No. 22-2091

DANIEL CARTER, a.k.a. STERLING,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:    ERIN MCCAMPBELL PARIS, Lipsitz Green Scime Cambria LLP, Buffalo, NY.

For Appellee:    TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 14, 2022 order of the district court is **AFFIRMED.**

Daniel Carter appeals from an order of the district court denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and, alternatively, for a sentence reduction pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On April 5, 2007, a jury found Carter guilty of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced Carter to 360 months' imprisonment on the narcotics conspiracy count and sixty months' imprisonment on the firearm count, to run consecutively, for a total term of 420 months. Carter appealed, and we vacated his sentence after determining that the district court erroneously concluded that the consecutive sixty-month term on the section 924(c) count was mandatory.[1] On remand, the district court resentenced Carter to 300 months' imprisonment on the narcotics conspiracy count and a consecutive sixty-month term on the section 924(c) count, for a total term of 360 months' imprisonment.

In February 2016, Carter filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 782 to the United States Sentencing Guidelines lowered the base offense level for his narcotics conspiracy count. The district court granted Carter's motion and reduced his term of imprisonment on the narcotics conspiracy count from 300 months to 248 months, for a revised total sentence of 308 months' imprisonment.

---

[1] Our decision relied on the holding in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), which the Supreme Court abrogated in *Abbott v. United States*, 562 U.S. 8 (2010), prior to Carter's resentencing.

In April 2019, Carter moved for another sentence reduction, this time pursuant to section 404 of the First Step Act of 2018, which made the Fair Sentencing Act of 2010 retroactive and authorized federal district courts to impose a reduced sentence for anyone convicted of a "covered offense." First Step Act § 404(b), 132 Stat. at 5222. When faced with a section 404 motion, a district court must determine: (1) "whether the defendant is eligible for a reduction" – *i.e.*, whether he was convicted of and sentenced for a covered offense – and if so, (2) "whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). The district court denied Carter's motion after determining at the first step that he was ineligible for a reduction. We vacated the district court's order on appeal, concluding that Carter's narcotics conspiracy count was a covered offense; we then remanded for the district court to determine whether, in its discretion, a reduction was warranted. *United States v. Carter*, No. 19-3578, 2021 WL 5121141, at *2 & n.1 (2d Cir. Nov. 4, 2021).

On remand, Carter filed a supplemental brief that renewed his motion for a sentence reduction under section 404 of the First Step Act and requested, for the

4

first time, compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[2]  Under

section 3582(c)(1)(A)(i), a district court may, in its discretion, grant a sentence

reduction if, "after considering the [applicable] factors set forth in [18 U.S.C. §]

3553(a)," the court finds that "extraordinary and compelling reasons warrant such

a reduction."

On September 14, 2022, the district court denied Carter's motion for

compassionate release, concluding that he failed to demonstrate any extraordinary

and compelling reasons justifying such relief, and that even if he had, the section

3553(a) factors did not weigh in favor of his release.  The district court also

determined that, for similar reasons, a sentence reduction pursuant to section 404

of the First Step Act was not warranted.  This appeal followed.

We review for abuse of discretion the denial of a motion for a discretionary

sentence reduction.  *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)

(compassionate release motion); *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir.

2020) (section 404 motion).  A "district court has abused its discretion if it [has]

based its ruling on an erroneous view of the law or on a clearly erroneous

---

[2] Carter filed his initial section 404 motion *pro se.*  He has been represented by counsel in proceedings before this Court and below since his appeal of the district court's original denial of that motion.

assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted).

Carter first contends that, in denying his motion for compassionate release, the district court misunderstood its authority to reduce his sentence. But the record reflects no such confusion. Instead, the district court articulated the correct legal standard for evaluating Carter's application, including the broad scope of its discretion, and addressed each of his arguments for release, including his conditions of confinement during the pandemic, his family circumstances, and his efforts at rehabilitation. The district court also explicitly evaluated Carter's sentence for the narcotics conspiracy count in light of the then-applicable Sentencing Guidelines range and observed that his revised sentence on that count (248 months) fell at the low end of the range. While Carter cites decisions in which, in his view, courts found similar reasons to be extraordinary, and exercised their discretion differently in granting release, nothing in those cases suggests that the district court's conclusions here fell outside "the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (internal quotation

marks omitted).   We therefore see no abuse of discretion in the district court's rejection of Carter's purported extraordinary and compelling circumstances.

In any case, the district court's "reasonable evaluation of the [s]ection 3553(a) factors is an . . . independent basis for denial of compassionate release" and a separate ground upon which we affirm.   *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (internal quotation marks omitted).   In evaluating the section 3553(a) factors, the district court reasonably concluded that the following weighed against release:   the "serious nature" of Carter's crimes, the "need to adequately deter . . . large-scale [cocaine base] and cocaine distribution," and the fact that Carter's sentence after multiple reductions was at the low end of the applicable Sentencing Guidelines range and thus avoided unwarranted sentencing disparities with other, similarly situated defendants.   J. App'x at 83; *see also* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B), (a)(4), (a)(6).

Carter contends that the district court erred by not evaluating all the section 3553(a) factors.   But a district court need not "discuss every [section] 3553(a) factor individually," *Keitt*, 21 F.4th at 72 (internal quotation marks omitted), and we "presume[]" that the district court has "considered all relevant [section] 3553(a) factors and arguments unless the record suggests otherwise," *see*

7

*United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (internal quotation marks omitted). And contrary to Carter's assertions, the district court's order makes clear that the court did not overlook his rehabilitation efforts and the nature of his confinement during the pandemic. While Carter argues that the district court disproportionately focused on certain factors and failed to adequately consider others, "[m]ere disagreement with how the district court balanced the [section] 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Id.* at 569 (internal quotation marks omitted); *see United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any [section] 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." (internal quotation marks omitted)). We therefore cannot say that the district court abused its discretion in denying Carter's motion for compassionate release.

Finally, and for similar reasons, the district court did not abuse its discretion in separately denying Carter's request for a sentence reduction pursuant to section 404 of the First Step Act. "Section 404 relief is discretionary," *United States v. Davis*, 961 F.3d 181, 191 (2d Cir. 2020), and "a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to

8

reduce a sentence," *Moore*, 975 F.3d at 92 n.36.   Here, the district court considered the section 3553(a) factors and Carter's post-sentencing conduct and concluded that a sentence reduction would not reflect the seriousness of his offense, adequately deter criminal conduct, or promote respect for the law.   The First Step Act does not require a district court to "modify a sentence for any reason," *Concepcion v. United States*, 597 U.S. 481, 496 (2022), and we see no abuse of discretion in the district court's decision to forgo such a modification here.

We have considered Carter's remaining arguments and find them to be without merit.   For the reasons set forth above, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9